MODERN WOODMEN OF AMERICA V. ASA COLMAN ET AL.[*]

FILED MARCH 5, 1902. No. 11,294.

Commissioner's opinion, Department No. 3.

Insurance: WAIVER. It is a settled law of this state that if a beneficiary insurance association, like the plaintiff in error in this action, continues to collect dues and mortuary assessments from a member who has forfeited his beneficiary certificate, after knowledge of such forfeiture by its officers or agents intrusted with the duty of making such assessments, it shall be held to have waived such forfeiture, without regard to any restrictions or limitations incorporated in its certificates of membership or by-laws with respect to the power or authority of such persons to make such waivers.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. Affirmed.

J. W. White, C. A. Atkinson, Jesse L. Root and J. G. Johnson for plaintiff in error.

Samuel Chapman and Matthew Gering, contra.

AMES, C.

Early in May, 1898, Varro H. Colman, who was, and for some years had been, a member in good standing of the

[*]Rehearing allowed. Reaffirmed. Opinion filed denying second rehearing.

plaintiff in error association, whose general character is too well known to require particular description, accepted service as locomotive fireman for the Wheeling & Lake Erie Railway Company. His certificate of membership named as beneficiaries his father and mother, the defendants in error in this action. The certificate contains the following clauses:

"Subject to all the conditions of this certificate and fundamental laws of this order and liable to forfeiture if said member shall not comply with said conditions, laws and such by-laws and rules as are or may be adopted by the head camp of this order from time to time, or the local camp of which he is a member.

"If, after a person has become a member of this fraternity, he engages in any of the employments or occupations enumerated in section A, division I, of the fundamental laws, his certificate thereupon shall be forfeited by such act, and the same shall be null and void. *Provided, however,* that a neighbor may, after becoming such member, without invalidating his certificate, be employed as railway brakeman, engineer, fireman, switchman, miner, plowgrinder, or employed in a gunpowder factory, or on the lakes or seas, or as a soldier in the regular army while in active service, if he shall, before entering upon any of the above mentioned occupations, file with the head clerk a written waiver of any liability of this order under his certificate of membership, for loss by death as the direct result of his being engaged in such prohibited occupation."

By one of the laws of the association it was enacted that, if a member should engage in the employment of locomotive engineer, his rights under his certificate should be forfeited, unless he should file with the head clerk of the company "a written waiver of any liability of this order upon his benefit certificate founded upon the death of such neighbor either as result of accident occurring in, or disease directly traceable to, his employment in such prohibited occupation." It was further enacted that no officer of the order was authorized or permitted to waive the fore-

going provisions, and that the clerk of the local camp should be regarded as an agent of that camp only, and not of the head camp, and that no act or omission on his part should have the effect of creating a liability on the part of the society, or of waiving any right or immunity belonging to it. It is undisputed that at the time of entering upon the prohibited occupation, or afterwards, Colman did not file the written waiver called for by the above-mentioned by-law, although the requirement for his so doing was called to his attention by the clerk of the local camp. There is no question that the clerk and his subordinates knew of the fact that the insured had accepted of, and was engaged in, the employment aforesaid, or that with that knowledge they continued to collect his monthly assessments and remit them to the head clerk for a period of three months, and until he was run over and killed by the engine upon which he was in service. There are a large number of errors assigned in the motion for a new trial and in the petition in error, but the only real question of importance is whether, upon this state of facts, the defendants in error, the beneficiaries named in the decedent's indemnity certificate, are entitled to recover upon that instrument. We think that this court, in *Modern Woodmen of America v. Lane,* 62 Nebr., 89, and in the series of decisions therein cited and approved, have definitely and finally answered this question in the affirmative. It would serve no useful purpose to engage so soon in another review of the authorities and of the principles involved. Notwithstanding the cunningly devised by-laws and stipulations of beneficiary associations like the plaintiff in error, the clerks of local camps are, in the matters of collecting and remitting assessments and the waiver of forfeitures, the agents of the societies and not of the local camps or of their members. As is pointed out by Sanborn, J., speaking for the United States court of appeals for this circuit in *Modern Woodmen of America v. Tevis,* 111 Fed. Rep., 113 (quoting from the syllabus) : "The actual legal relations of parties to each other, their acts and transac-

tions, prevail over previous written stipulations, which were subsequently disregarded, and condition their rights. Where a beneficiary association empowers the clerk of a local camp to collect, receipt for, remit and report upon its benefit assessments, and the clerk acts under this authority with the knowledge and consent of all parties, the relation of principal and agent for this purpose exists, and conditions the rights of the parties, notwithstanding the fact that the by-laws and certificates of membership contain a uniformly disregarded stipulation that the clerk of the local camp shall not be the agent of the association, but shall be the agent of the local camp, which has no interest in the benefit assessments, and that the acts or omissions of the clerk shall not affect the liability or waive any of the rights of the association." It ought now to be regarded as the settled law of this state that if a beneficiary insurance association, like the plaintiff in error, continues to collect dues or mortuary assessments from a member who has forfeited his beneficiary certificate, after knowledge of such forfeiture by its officers or agents intrusted with the duty of making such collections, it will be held to have waived such forfeiture, without regard to any restrictions or limitations incorporated in its certificates of membership or by-laws with respect to the power or authority of such persons to make such waivers. It can not be regarded as material upon what ground or for what reason such forfeiture was incurred. The underlying principle is in all cases the same, namely, that the association, with full notice or knowledge, through its accredited agents, of the facts by reason of which the contract of insurance might have been avoided, has chosen to treat it as valid and in force, and to receive a consideration for so doing. It is no answer to say that such a rule renders the business of the association extremely hazardous, on account of the character of the persons who are necessarily chosen to represent it as officers of the local camps, and of the local influences to which such persons may be subjected. This is one of the hazards voluntarily assumed by those who engage in a business

from which they may retire at will, and it furnishes no reason for relieving them from such obligations to the holders of their beneficiary certificates as are imposed upon those in other like enterprises, and as considerations of honesty and fair dealing demand.

It is unnecessary to consider the other errors assigned because, upon the admitted facts, no other verdict than that returned could have been upheld.

It is recommended that the judgment of the district court be affirmed.

Duffie and Albert, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.