# Travelers Insurance Co. *v.* Brown.

*Bill in Equity to have Policy of Insurance declared in Force, Valid and Binding.*

1. *Waiver of forfeiture of insurance company; how considered by courts.*—Forfeitures of insurance policies, because of non-payment of premiums, are not favored in the law, and courts are prompt to seize hold of any circumstances that indicate an election to waive a forfeiture or an agreement to do so, on which the insured has relied and acted; and any agreement, declaration or course of action on the part of an insurance company, which leads the party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, when followed by due conformity on his part, estops the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract.

2. *Same; authority of insurance agent.*—In a suit involving the validity of an insurance policy, where there is an issue as to whether or not the resident agents of the insurance company had the right to accept a check in payment of the premium, which the policy required to be paid in cash, and it is shown that the payment of former premiums had been made by delivering to such agent checks which had been accepted and renewal receipts for the payment of such premiums had been given by the agent, such evidence is sufficient to show a waiver of the stipulation in the contract requiring the payment to him in money, and is effectual to protect the insured against a forfeiture.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

This is a bill filed by the appellee, A. I. Brown, against the appellant, Travelers Insurance Company, for the

purpose of having declared in full force, valid and binding, an insurance policy in the sum of one thousand dollars on the life of S. Brown, of Bessemer, Alabama, in which A. I. Brown is named as a beneficiary.

The bill avers that there was a premium of $21.91 due on said policy on the 7th day of August, 1901, and avers that a personal check was sent to B. J. Weil & Co. at Montgomery, Alabama; for said premium on the 1st day of August, 1901; that complainant had funds in the bank out of which said check could have been paid. The check was not received and the premium was not paid by the time it was due, August 7, 1901, and afterwards complainant sent defendant New York exchange for said premium, but this was after said premium was due. Defendant refused to accept the check, and returned it to complainant, and notified him that the policy was forfeited except as to certain extended insurance.

There was a demurrer filed to the bill on the ground that it showed on its face that the premium due August 7, 1901, was not paid at maturity, and on the ground that there was no averment that B. J. Weil & Co., defendant's agents, had authority to receive payment of said premium by check or otherwise in lieu of cash or legal tender. This demurrer was sustained by the court, and complainant amended his bill by averring that B. J. Weil & Co. were defendant's agents in the State of Alabama, and had authority from respondent to accept payment of said premium by check in lieu of legal tender. Defendant answered amended bill, denying that the premium due August 7, 1901, had ever been paid, and setting up the fact that B. J. Weil & Co. were only authorized to collect the premium on or before the date on which said premium was due, and denying that Weil & Co. had authority from defendant to accept payment of premium by check in lieu of legal tender, and setting up further the fact that if the said Weil & Co. had established the custom of accepting payment of premiums by check, that defenedant had no knowledge of the fact.

The cause was submitted upon the testimony taken upon this issue, and the chancellor rendered a decree on November 28, 1902, granting the complainant the re-

[Travelers Insurance Co. v. Brown.]

lief prayed for, and declared the policy for $1,000 to be valid and binding and in full force and virtue, and requiring defendant to re-instate said policy in force on the books of the home office at Hartford, Conn., and issue to complainant or S. Brown, the insured, renewal receipts for the payment of the premium. From this decree the defendant appeals, and assigns the rendition thereof as error.

WEATHERLY, UNDERWOOD & THACH, for appellant.—It is true that the law does not favor forfeitures, and the court would be prompt to seize on any circumstance indicating a waiver, but they could not avoid enforcing them when the insurer can not show some good and stable ground in the conduct of the insurer, on which to base a reasonable excuse for the default, and the burden of showing a waiver is on the insured.—*Thompson v. Insurance Co.*, 104 U. S. 260; *Hartford L. Ins. Co. v. Unsell*, 144 U. S. 439.

DENSON & ULLMAN, *contra*.—The remittance by the holder of an insurance policy of the amount of the premium by check on a bank, in which the insurer has funds subject to check, to the agent of an insurance company, which had been in the habit of accepting such remittances as payment for the premium, constitutes a payment of such premium, and amounts to a waiver of the stipulation of the policy, requiring the payment of the premium to be made in money.—*United States Life Ins. Co. v. Lesser*, 126 Ala. 568; *Gurney v. Howe*, 9 Gray. 404; *Crane v. Pratt*, 12 Gray, 348; *Margan v. Richardson*, 13 Allen, 410; *Wyman v. Ins. Co.*, 119 N. Y. 274; *Helme v. Ins. Co.*, 61 Pa. St. 107; *Meyer v. Ins. Co.*, 73 N. Y. 516.

TYSON, J.—The purpose of the bill in this cause is to have declared in force, valid and binding a policy of insurance issued by the respondent on the 7th day of August, 1897. The policy contains the following stipulations: "All premiums are payable at the home office

in Hartford, Connecticut, but will be accepted if paid to any agent in exchange for a receipt signed by the president and secretary and countersigned by the agent designated thereon. This policy shall not take effect unless the first premium is paid while the insured is in good health, and if the second and third annual premiums be not fully paid when due, this policy and all claims under it shall be void and the premiums, already paid shall be forfeited to the company. In case of default in the payment of premiums after the third, this policy will remain in force for the time specified in the table of 'paid up term insurance,' endorsed hereon; provided, however, that in case of the death of the insured within three years from the date of such default, the unpaid premium with interest shall be deducted from the amount insured, or in lieu of such term insurance a paid up policy will be granted for the amount specified in the table of paid up policy values," etc. Under this clause the time fixed for the payment of the premium is of the essence of the contract, and non-payment at the appointed time involves the release of the company from its obligations under the policy unless waived.—*Imperial Life Ins. Co. v. Glass,* 96 Ala. 568.

But "forfeitures are not favored in the law and courts are always prompt to seize hold of any circumstance that indicates an election to waive a forfeiture or an agreement to do so on which the party has relied and acted. Any agreement, declaration or course of action on the part of the insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part; will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract."—*Insurance Co. v. Eggleston,* 96 U. S. 572.

The fifth annual premium (tenth semi-annual premium) upon the policy in controversy matured on the 7th day of August, 1901. The complainant, in ample time to have reached them before the date of maturity, mailed to the respondent's agent a check for the amount of this

premium. The check it appeared did not reach them. Subsequently, after being informed by the agents, that the check had not been received and that they had, on the next day after the premium fell due, returned the premium receipt to the company, on, to-wit, the 12th day of September, 1901, the complainant sent by mail to the respondent, New York exchange for the amount of the premium. This draft was returned to him by the company in a letter in which it in part said: "We are advised by Messrs. Weil & Co., State agents, at Montgomery, Alabama, to whom you were permitted to make payments of premium under policy No. 93,375 on or before maturity of the premium, that payment of the premium due August 7, 1901, was not made to them on or before that date, and that the check which you say you mailed to them on July 29th was not received." Here is an admission by respondent that the agents were authorized to receive checks in payments of premiums. It is apparent from this letter that it had not occurred to it at that time that its agents were only authorized to receive money in payment of premiums. The context of the letter clearly shows that it based its claim of forfeiture of the policy solely upon the ground that the payment had not been made on or before August 7th, and not upon the fact that the medium of payment attempted to be made was not of the kind authorized to be received by its agents. This circumstance when taken in consideration with other facts shown by the evidence, such as the intrusting of premium receipts to Weil & Co., with the authority to collect them, coupled with their authority over other important matters relating to the business of the company in this State, lead us to the conclusion that Weil & Co. were authorized to receive checks, in lieu of money, in payments of premiums. *U. S. Life Ins. Co. v. Lesser,* 126 Ala. 568, 583. This being true, the case stands upon the same footing as if the complainant had mailed the check directly to the respondent and had had his former dealings with it in the matter of paying premiums, instead of with the authorized agents. All prior premiums, at least eight in number, had been paid by complainant by means of checks

[Central of Georgia Railway Company v. Martin.]

sent through the mails, as this one was. This had been the uniform course of dealing between the parties. He, therefore, had the right to believe that by conforming to it, in this instance, it would be effectual to protect him against a forfeiture.—*Kenyon v. Knight Templars, et al.,* 122 N. Y. 247, 262, and authorities there cited.

Having done, as he honestly believed, all that was required of him, and relying, as he had a right to do, upon their previous course of dealing in sending the checks, the respondent cannot now claim a forfeiture of the policy.—*Kenyon v. Knight Templars, et al., supra.*

The decree appealed from must be affirmed.