# Beiser *v.* Sov. Camp W. O. W.

### Insurance.

(Decided December 21, 1916.   Rehearing denied February 15, 1917.
74 South. 235.)

**Insurance; Fraternal; Forfeiture; Estoppel.**—The provision of section 24, Acts 1911, p. 713, preclude any waiver, express or implied, or estoppel, predicated on act or conduct of members of fraternal benefit societies.

McClellan and Thomas, JJ., dissent.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Felix W. Beiser against Sovereign Camp of the Woodmen of the World upon a fraternal benefit insurance certificate.   Judgment for defendant and plaintiff appeals.   Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

JOHN E. MITCHELL for appellant.   ERVIN & McALEER for appellee.

McCLELLAN, J.—This is an action to recover $1,000 alleged to be due the plaintiff (appellant) under a "beneficiary certifi-

cate or policy of life insurance," issued on August 30, 1913, by the defendant (appellee), a fraternal beneficiary association, on the life of William Beiser, a member of the association, the plaintiff being named as the beneficiary in such certificate, the alleged member of the association having died on June 8, 1914.

The defenses set up in pleas 2 and 3, respectively, were these: (a) That under provisions of the constitution of the association Beiser, previous to his death, ceased to be a member and an insured in the association because of his conviction of a felony; (b) and that under provisions of the by-laws of the association the beneficiary certificate became void because the assessment for May, 1914, was not paid within the time required by the by-laws of the association. Special replications 6 and 7 to plea 2 asserted a waiver, by defendant's agent Ebinger as clerk of the local camp, by his receipt of Beiser's membership assessments after full knowledge or notice of the conviction of Beiser. Special replications 4, 5, and 6, to the third plea as amended, relied upon estoppels wrought, it is averred, by the act of defendant's agent Ebinger, who, as clerk of the camp, and in discharge of his duty, habitually or customarily collected Beiser's assessments at dates subsequent to the time they should have been paid, as late as the fourth day of the succeeding month; that Baiser was led to believe that assessments paid as late as the fourth day of the month succeeding that in which the assessments were due would be accepted; and that, acting under such belief and custom, the assessment, upon which the forfeiture alleged in the amended third plea is averred, was paid on June 4, 1914, and such payment was accepted by the clerk as agent for the defendant. The court sustained demurrers to special replications 4 to 6, inclusive, as also to replications 7, 8, and 9, but error in the rulings striking these last-noted replications is, with commendable candor, not urged; is waived, in effect, in brief for appellant. Without questioning the binding qualities of the provisions of the constitution set up in the second plea and of the by-laws averred in the third plea as amended, the plaintiff's reliance to avoid their invalidating effect, working when offended as alleged forfeitures of rights under the contract, is waiver and estoppel resulting from the indicated acts of defendant's agent Ebinger, acting within the scope of his authority.

In the General Act, approved April 24, 1911 (Gen. Acts 1911, pp. 700-722), entitled "An act for the regulation and control of

fraternal benefit societies," the following provisions appear: "Sec. 4. Except as herein provided, such societies shall be governed by this act and shall be exempt from all provisions of the insurance laws of this state, not only in government relations with the state, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein."

"Sec. 8.    Every certificate issued by any such society shall specify the amount óf benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation, or if a voluntary association, the articles of association, the constitution and laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member and copies of the same certified by the secretary of the society, or corresponding officer, shall be received in evidence of the terms and conditions thereof and any changes, additions or amendments to said charter or articles of incorporation, or articles of the association, if a voluntary association, constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiary, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were enforced at the time of the application for membership."

"Sec. 20.    The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, and GARDNER, JJ., entertain the opinion, and so hold, that the provisions of section 20, ante, preclude any waiver, express or implied, or any estoppel predicated of the acts or conduct of any subordinate officer or member, thus confirming the correctness of the rulings of the court below on the pleadings, and thereupon affirming the judgment.    The writer, with whom Justice THOMAS concurs, is of a different opinion; and so upon the considerations to follow:

The public policy of a state is generally expressed by statute or Constitution.—4 Words and Phrases (2d Series) pp. 27-29; *Harding v. Amer. Co.,* 182 Ill. 551, 55 N. E. 577, 64 L. R. A. 738, 74 Am. St. Rep. 189, 213; *U. S. v. Trans-Mo. Asso.,* 166 U. S. 290, 17 Sup Ct. 540, 41 L. Ed. 1007. In so far as the cited enactment affirmatively affects or governs insurance contracts made by mutual associations within its purview, or restricts or governs the acts of subordinate officers or agents, it is a visitation upon the subject-matter . of paramount restraint created by the thus expressed public policy of the state; and to the extent such public policy applies and controls the association, its subordinate officers and agents, members, and beneficiaries of members, they cannot be subjected to, or have the favor or advantage of, legal principles that, but for the expression of such public policy, would have application to and effect upon the rights of the parties to insurance contracts made by such associations. Section 20, quoted above, is to be attributed for justification to the police power of the state. Since its intent and· provisions are in derogation of the common law, the section (20) is to be strictly construed.—*Lock v. Miller,* 3 Stew. & P. 13; *Ivey v. Pierce,* 5 Ala. 374; *Cook v. Meyer,* 73 Ala. 580. When construed according to its letter, as must be done, the section (20) restrains such associations, its members, beneficiaries of its members, from making any promise or effecting any engagement to waive provisions of the laws and constitutions of such associations providing against the waiver of such provisions. Manifestly, the waiver therein referred to is a waiver of the provision itself; not the waiver of the invalidating effect the forfeiture wrought by the breach of the provision. A restraint upon the power of agents or members to waive a provision of the constitution or by-laws of an association of this character and a restraint upon the power of an agent or a member to waive the forfeiture resulting from a breach of the provision which the agent or member is forbidden to waive as a part of the contract of insurance are distinct conceits. The distinction is illustrated in this expression which is reproduced from *Security Mutual Life Ins. Co. v. Riley,* 157 Ala. 563, 47 South. 738: "The first insistence of the appellant touching the question of waiver is that inasmuch as it is provided that forfeiture cannot be waived save in writing by certain officers of the company, together with the fact that no such waiver was made, the doc-

trine of waiver has here no foundation upon which to rest. A provision in an insurance policy, to the effect that a forfeiture cannot be waived except by agreement in writing, signed by certain officials, is for the benefit of the company, has reference only to express agreements, and does not preclude an implied waiver or one by parol."

My opinion is that the provisions of section 20 do not preclude an implied or parol waiver of a breach of the constitution or by-laws of such association, effecting, if not waived, a forfeiture of rights thereunder by the insured; nor preclude the interposition of an estoppel on the part of the insurer to assert a forfeiture, legally resulting from the acts or conduct of its subordinate agents. Hence the provisions of sections 4, 8, and 20 of the General Act of 1911 are not, in my opinion, material to the matters of avoidance set forth in special replications 6 and 7 to plea 2 and in special replications 4, 5 and 6 to plea 3 as amended. With the provisions of the cited General Act of 1911 eliminated from governing effect upon the matters of avoidance set up in the five special replications noted above, there is not, as indeed under the established doctrine of our decisions there could not well be, any serious insistence that the effect of the forfeitures asserted in plea 2 and plea 3 as amended were waived or the right to claim forbidden by estoppel, as the case may be, by the averred acts or conduct of the agent of the association whilst acting within the scope of his authority.—*United Order of the Golden Cross v. Hooser*, 160 Ala. 334, 337, 49 South. 354; *Security Mutual Life Ins. Co. v. Riley*, 157 Ala. 553, 563, 564, 47 South. 735; *U. S. Life Ins. Co. v. Lesser*, 126 Ala. 568, 28 South. 646; *Travelers' Ins. Co. v. Brown*, 138 Ala. 526, 35 South. 463. On like doctrine rests the cases of *Pringle v. Modern Woodmen, etc.*, 76 Neb. 384, 107 N. W. 756, 113 N. W. 231; *Modern Woodmen, etc., v. Colman*, 64 Neb. 162, 89 N. W. 641. See, also, Bacon on Benefit Soc., § 433; *Supreme Lodge, etc., v. Withers*, 177 U. S. 260, 20 Sup. Ct. 611, 44 L. Ed. 762.

Whether the averments of fact set forth in these special replications are, strictly speaking, matters operating a waiver only, and not constituting an estoppel against the association, is a question not raised by the demurrers and not argued here. Should that inquiry later arise or become important, the following authorities may contribute to its solution: 40 Cyc. pp. 254-258; *Cassimus Bro. v. Scottish Ins. Co.*, 135 Ala. 256, 270, 271,

33 South. 163; *Queen Ins. Co. v. Young*, 86 Ala. 424, 430, 431, 5 South. 116, 11 Am. St. Rep. 51.

It is hardly necessary to add that under the circumstances set forth in these special replications knowledge or notice to the agent of the facts averred was the equivalent of notice thereof to the agent's principal.—*Security Ins. Co. v. Riley, supra; Cassimus Bro. v. Scottish Ins. Co., supra.* The rulings of the court below on the special replications were laid in error.

The plaintiff having been driven to a non-suit by the adverse rulings of the court in sustaining demurrers to his special replications, the rule in *Wilson v. Owens Horse Co.*, 14 Ala. App. 467, 70 South. 956, where no nonsuit was taken, is without application or effect.—*Henderson v. T. C., I. & R. R. Co.*, 190 Ala. 126,, 129-131, 67 South. 414.

In accordance with the conclusion of the majority of the court, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, and GARDNER, JJ., concur. MCCLELLAN and THOMAS, JJ., dissent.