(76 South. 450)

NATIONAL ORDER OF MOSAIC TEMPLARS OF AMERICA v. LILE.

(8 Div. 10.)

(Supreme Court of Alabama. June 14, 1917.)

1. INSURANCE ☞815(1)—FRATERNAL INSURANCE—RECOVERY—CONDITIONS PRECEDENT—PROBATING OF WILL.

A count averring that insured by his will conveyed the benefits of the policy sued on to plaintiff was insufficient, where it failed to aver that the will had been duly probated.

2. EVIDENCE ☞471(13)—OPINION EVIDENCE—CAUSE OF DEATH.

In an action on a policy providing that no benefit was payable if the insured died of heart disease within four months after becoming a member of the order, Dr. E., who attended insured during his last sickness, having testified that insured died of organic heart disease a few days after initiation, the court properly refused to exclude testimony to the effect that insured had the appearance of being a healthy man, had not complained of heart trouble, and that E. had not been to see him for months before he died; such statements not being opinions.

3. INSURANCE ☞724(2)—FRATERNAL INSURANCE—POLICY—CONDITION—WAIVER.

Where, according to the laws of the order, expressly made a part of the policy, no benefit was payable if insured died within four months after initiation, the beneficiary could not recover, if insured died of organic heart trouble within such time, as the observance of the constitution and laws of a fraternal insurance society cannot be waived by its agents.

4. INSURANCE ☞825(2)—FRATERNAL INSURANCE—FINANCIAL MEMBER—EVIDENCE—SUFFICIENCY.

Where the policy recited that insured was a member financial, and the certificate of the officers, admitted without objection, recited that insured had paid all dues demandable, it cannot be said as a matter of law that insured at the time of his death was a nonfinancial member, avoiding the policy.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by Ruthy Lile against the National

Order of Mosaic Templars of America. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

W. T. Lowe, of Decatur, for appellant. Wert & Lynne, of Decatur, for appellee.

McCLELLAN, J. The appellee (plaintiff) sued to recover from the appellant $100 under a policy of fraternal insurance, payable on the death of Horace Lile. Lile died on October 18, 1913. He had gone through initiation into the appellant order only a few days theretofore. The complaint, on which the trial was had, finally consisted of counts 1, 2, and 3; those numbered 4, 5, and 6 being withdrawn. The defenses interposed were those permissible under the general issue, together with such "good defenses" as might have been specially pleaded.

[1] The second count averred that the appellant insured Lile's life and engaged to pay the "person or persons mentioned in the will made by the insured during his lifetime" the amount stipulated. The demurrer to this count took the objection that it was not alleged that the "will" had been probated; this on the theory that the cause of action stated 'in the count was predicated of rights established by a "will" made by Lile. It is averred in the count "that said Horace Lile, during his lifetime, by will conveyed the benefits of said policy" to the plaintiff. The demurrer was due to be sustained. By the averment quoted the plaintiff ascribed to the policy the effect of exacting a testamentary disposition, effectually probated, and subjected her right to recover to a transmission of the benefits under the policy through the means of a testamentary instrument duly probated. The count under its manifest theory, was faulty in omitting to aver that the instrument relied on had been duly probated, so as to effect the transfer of the benefits alleged in the count.

[2] According to the laws of the order, and the provisions of the contract of insurance that expressly made those laws a part thereof, no benefit was demandable or payable if the insured died of heart disease within four months from the date the insured became a member of the order. Dr. Emens, who attended Lile in his last sickness, testified that Lile died of "organic heart disease" on October 18, 1913, only a few days after his initiation as a member. The plaintiff offered, and the court over defendant's objection received, testimony to these effects: That Lile, up to the day before his death, had the appearance of being a healthy man; that Dr. Emens had not been to see Lile for months before he died; that Lile had not complained of heart trouble before his death. There was no error in admitting the evidence to the indicated effects. The statements thereby sought were of facts, not opinions. Dominick v. Randolph, 124 Ala. 557, 562, 563, 27 South. 481.

[3] If Lile died on October 18, 1913, of organic heart disease, the plaintiff could not recover. In the recent decisions delivered here in the McHenry and Beiser Cases, reported in 73 South. 97,[1] and 74 South. 235,[2] respectively, it was held that in the circumstances contemplated by the act of 1911 (Gen. Acts, p. 713), the observance of the constitution and laws of a fraternal insurance society cannot be waived by agents.

[4] As we understand the bill of exceptions, there was evidence tending to show that Lile had paid the dues necessary to be paid to constitute him a financial member. The policy recites that he was a member financial, and the certificate of the officers of the "Reynolds Chamber No. 2600" (admitted without objection) recites that Lile had paid all dues demandable. It cannot be affirmed, as a matter of law, of the evidence, that it indisputably established Lile's status, at the time of his death, as being that of a nonfinancial member, which, if so, would have, under the contract, avoided the plaintiff's right to recover the insurance money claimed.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.