(110 So. 606)

## AMERICAN NAT. INS. CO. v. RAINS.
### (7 Div. 663.)

(Supreme Court of Alabama. Dec. 2, 1926. Rehearing Denied Jan. 6, 1927.)

**1. Evidence ⚖471(13)—Lay witnesses might testify that assured appeared to be healthy at delivery of life policy conditioned on sound health.**

Testimony of lay witnesses that assured appeared to be healthy at or about time of delivery of life policy conditioned on sound health *held* not opinion, but statement of fact and admissible.

**2. Evidence ⚖471(13)—Testimony of son of assured that health of assured at delivery of life policy conditioned on sound health "was pretty good" held admissible.**

Where life policy was conditioned on sound health, son of assured, showing no qualifications, might testify that health of assured at delivery "was pretty good"; this being to same effect as that health seemed or appeared to be good.

Somerville and Gardner, JJ., dissenting in part.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action on a policy of life insurance by Sallie E. Rains against the American National Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

The undisputed competent evidence showed that the assured was in unsound health when the policy was delivered, notwithstanding his appearance, and the affirmative charges predicated on the pleas of defendant should have been given. Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649; American National Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502; Powell v. Prudential Ins. Co., 153 Ala. 611, 45 So. 208; Metropolitan L. Ins. Co. v. Goodman, 10 Ala. App. 446, 65 So. 449; 37 C. J. 400.

Isbell & Scott, of Ft. Payne, for appellee.

Testimony of lay witnesses as to the health of assured was competent for the consideration of the jury. With such evidence before the court, the affirmative charge for defendant was properly refused. Alabama Consolidated Coal Co. v. Heald, 154 Ala. 580, 45 So. 686; National Order, etc., v. Lile, 200 Ala. 508, 76 So. 450; Sloss Co. v. Ross, 201 Ala. 160, 77 So. 686; Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902; Chicago, etc., Co. v. Van Vleck, 143 Ill. 480, 32 N. E. 262; 22 C. J. 618; 17 Cyc. 87.

---

SOMERVILLE, J. The chief issue of fact on the trial of this case was whether the assured, under whose policy plaintiff claims as beneficiary, was in sound health at the time the policy was delivered to him—that being an express condition to the validity and operation of the policy.

[1] On this issue the trial court did not err in allowing several lay witnesses to testify that at and about the time in question the assured *appeared* to be healthy, this not being deemed the expression of an opinion, but the statement of a fact open to ordinary observation, as held in numerous cases. National Order, etc., Templars v. Lile, 200 Ala. 508, 76 So. 450; Dominick v. Randolph, 124 Ala. 552, 553, 557, 27 So. 481; Fountain v. Brown, 38 Ala. 72; Barker v. Coleman, 35 Ala. 221; Wilkinson v. Mosley, 30 Ala. 562; Bennett v. Fail, 26 Ala. 605; Milton v. Rowland, 11 Ala. 732. Several of these cases hold that a lay witness may testify that a person observed by him was sick or diseased; the symptoms being apparent to the senses of an ordinary observer.

[2] A son of the assured, who showed no qualifications whatever, was allowed, over apt objections, to testify that the health of the assured at the time of the delivery of the policy "was pretty good." A majority of the court are of the opinion that this statement was in effect the same as a statement that the health of assured *seemed* or *appeared* to be good, and must have been so understood by the jury; and hence they hold that it was not error to admit it. From that conclusion Justice GARDNER and the writer dissent.

On the issues of fact presented by the special pleas, the evidence presented jury questions, and the general affirmative charges, as severally requested, were properly refused.

It results that the judgment must be affirmed.

ANDERSON, C. J., and SAYRE, THOMAS, MILLER, and BOULDIN, JJ., concur.

SOMERVILLE and GARDNER, JJ., dissent.

SOMERVILLE, J. (dissenting). I do not think that a lay witness should be allowed to testify that another person is or was in sound health or good health as a matter of actual physical fact. Chronic and dangerous diseases of some of the vital organs may exist unsuspected, even by the patient himself, until a fatal termination or a last fatal illness suddenly discloses their presence; and everyday observation and experience teaches us that no layman is qualified to give such an opinion, and, indeed, that no medical expert is so qualified without a scientific and thorough examination of the subject, especially with respect to the functioning of the vital organs.

There is a substantial difference between testimony that a man is in sound health, and that he 'appears to be in sound health, and I have found no judicial authority that recognizes the propriety of allowing a nonexpert witness to testify to another's sound health *as a fact.*

Moreover, it did not appear that this witness, though a son of the assured, was qualified even by *ordinary observation* to testify as to the state of his health; for, so far as the evidence showed, he may not have so much as seen his father within 10 or 20 years before his death. It should at least be shown that a health witness is qualified by knowledge sufficient to warrant an opinion on the subject.

GARDNER, J., concurs in these dissenting views.