(118 So. 456)

## PADGETT v. SOVEREIGN CAMP, W. O. W.
### (7 Div. 783.)

Supreme Court of Alabama. Oct. 25, 1928.

Walter S. Smith, of Lineville, for appellant.

256

Pruet & Glass, of Ashland, for appellee.

BOULDIN, J. The suit is upon an insurance benefit certificate.

On the trial the court gave the affirmative charge for defendant. The correctness of this ruling under the pleadings and proof is the controlling question in the case.

The defendant pleaded a provision of the constitution, made a part of the contract, to the effect that no liability shall begin until the insured member shall have delivered to him, in person, his beneficiary certificate "while in good health;" also a provision of the signed certificate "warranting that he was in good health at the time the certificate or policy was delivered to him, and that he had not been sick or injured since the date of his application."

The breach alleged in plea 2 reads:

"Defendant alleges that the said Nathan E. Padgett had not complied with the constitution, laws, and by-laws of the association, and that he was not in good health at the time the certificate was issued to him, and that he had been sick or injured since the date of his application; but that at the time said certificate was delivered to him he was then suffering from an attack of appendicitis and from the effects of an operation for appendicitis which had been performed on him only a few days before said certificate was delivered to him and accepted by him; and that he had been sick or injured since the date of his application for membership in said fraternity, and that by the terms of said contract and warranty on the part of the said Nathan E. Padgett the same is null and void and of no force and effect, and the defendant is not indebted to plaintiff."

The evidence without conflict showed that pending the application for the policy the insured had an acute attack of appendicitis. An operation followed the next day. The appendix had ruptured. Drainage was provided.

On the fourth day after the operation, the patient being confined in bed, the certificate was delivered by the organizer and clerk of the local camp.

Appellant, with much vigilance, presents authorities in support of an insistence that the delivery of the certificate by the local officers with full knowledge of all the facts constituted a waiver or estoppel against defendant to set up the conditions or warranties relied upon.

This insistence overlooks section 8477, Code of 1923, empowering fraternal associations to incorporate provisions in their constitutions and laws forbidding subordinate officers to waive the provisions thereof. This statute, rather than authorities cited by appellant, governs the case in hand. W. O. W. v. McHenry, 197 Ala. 541, 73 So. 97; Beiser v. W. O. W., 199 Ala. 43, 74 So. 235; W. O. W. v. Allen, 206 Ala. 41, 89 So. 58; Modern Order of Prætorians v. Childs, 214 Ala. 403, 108 So. 23; Police & Fireman's Ins. Ass'n v. Crabtree, 215 Ala. 36, 109 So. 156.

Another insistence is that the misrepresentation or warranty of good health relied upon is not shown by uncontroverted evidence to have been made with actual intent to deceive, or that the matter misrepresented increased the risk of loss. Code, § 8507; W. O. W. v. Hutchinson, 214 Ala. 540, 108 So. 520; Brotherhood v. Riggins, 214 Ala. 79, 107 So. 44.

Without question, acute appendicitis advanced to the point of rupture and discharge of pus is a serious sickness. Without dispute the policy was delivered on the fourth day after the operation. The insured was confined to his bed with an unhealed wound. Pus was still passing or had about ceased passing through the drain. As matter of law he was not then in good health within the meaning of the policy.

Appellee points out that plea No. 2, and others of like import, did not allege the matter misrepresented was with actual intent to deceive or increased the risk of loss, and that no apt ground of demurrer was addressed to this point.

Plaintiff's replication, in short, by consent with leave to give in evidence any matter that would answer the pleas, sufficiently presented the issue.

Appellee further insists that an intervening sickness of such character as to be material to the risk at the time the policy

was delivered, rendered it void from the beginning, and no subsequent events short of a waiver or estoppel would validate the policy. We are not disposed to so limit the effect of section 8507.

A temporary attack, however serious, if followed by a complete recovery and restoration to former health and vitality, and death of the insured comes long thereafter from a cause clearly having no connection in any way with such sickness, cannot be said to have increased the risk of loss in the particular case. We think the statute intended to protect the insured in such case. Heralds of Liberty v. Collins, 216 Ala. 1, 110 So. 283; W. O. W. v. Gibbs, 217 Ala. 108, 114 So. 915.

■ There was some evidence that the death of the insured was caused from an acute attack of dilatation of the stomach some 33 days after the operation; that the wound healed normally without adhesions; and some evidence that the new attack and the subsequent death of the insured was not due directly nor indirectly to the attack of appendicitis; that he was as good a risk as theretofore.

The case has been considered by the full court. While expressing no opinion upon the weight of the evidence, we hold it presented a case for the jury, and that the court erred in giving the affirmative charge for defendant.

Reversed and remanded.

All the Justices concur.