(127 So. 821)

**HUGGINS v. SOVEREIGN CAMP, W. O. W.**

**6 Div. 602.**

Supreme Court of Alabama.

April 17, 1930.

J. M. Pennington and Davis & Curtis, all of Jasper, for appellant.

McCollough & McCollough, of Birmingham, and Arthur Fite, of Jasper, for appellee.

THOMAS, J.

This is a certified case from the Court of Appeals under section 7324, Code. Woodmen of the World v. Alford, 206 Ala. 18, 23, 89 So. 528.

The suit is upon a policy or certificate of insurance in a fraternal benefit society.

The assignments of error are confined to the sustaining of demurrer to replications to pleas of forfeiture for nonpayment of dues.

The ruling on replication 8 is taken for illustration of appellant's insistence of error and argument grouping the same. It is not alleged in that pleading that the local clerk (1) had authority to accept checks in payment for dues required to be paid as indicated in by-laws set up in the pleas; (2) nor that defendant corporation ever knew of or received or accepted the check of assured as payment of dues; (3) nor that defendant corporation ever ratified the action of said local camp clerk by accepting such checks in payment of dues or defaulting dues; (4) nor is it averred that the local clerk was intrusted with official receipts to be delivered when payment was made by a member; (5) nor that the local clerk ever forwarded defendant's check, or other policy or certificate holder, for dues to defendant; (6) nor is it averred that payment was made as allowed by defendant's constitution or laws. That is to say, it is not averred, and facts averred do not show, that deceased's assessments were paid as required by constitution and laws of the defendant order; the contrary is shown by the replication—that in fact the check was never presented for payment, nor paid, but held by the local clerk until after decedent's death.

The case of National Life Insurance Co. v. Reedy, 217 Ala. 114, 115 So. 8, dealt with the effect and scope of general and local agents as to acceptance of a premium in an old line of life insurance. The cases from this court cited by appellant do not support her insistence of error. In United States Life Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646, 651, that replication alleged tender of premium before default in lawful currency of the United States to an agent of the company duly authorized to receive premiums on behalf of the company; and a second replication set up waiver of payment within the time by an agent intrusted by defendant with renewal receipts, and that the company had acquiesced in such waiver. And the Lesser Case did not involve a fraternal benefit certificate governed by and into which the constitution and by-laws of the order entered. It was held on such authorized acquiescence, in the waiver of the payment of premiums when due, it was "too late for the company,

as against the plaintiff and others similarly situated, to insist that by the terms of the policy agents were not authorized to make or alter contracts or waive conditions or forfeitures." Such is not the instant pleading.

The case of Pacific Mutual Life Ins. Co. v. Hayes, 200 Ala. 246, 76 So. 12; Id., 202 Ala. 450, 455, 80 So. 834, does not support appellant's argument. There it was shown that the premium was paid in money to the authorized agent who duly transmitted from Decatur to the general agent of defendant at Tuscaloosa; and also there were acts of the general agent with authority in the premises from which a waiver may be inferred. It was therefore held that, when the check of the local agent to the general agent was paid by drawee bank, the effect of a conditional acceptance became an absolute payment.

In Lehman v. Gunn, 124 Ala. 213, 27 So. 475, 51 L. R. A. 112, 82 Am. St. Rep. 159, the opinion states that, though insured gave the company's agent a check for the first installment, when the agent paid the money to the company, the matter of the check was of his personal concern—that inquiry is besides the instant question for decision. There, the bill was to subject the policy of insurance to payment of the debts of the insured, and the author of the act of generosity to the beneficiary named in the policy was merely a creditor to the extent indicated in that payment.

And in Travelers' Insurance Co. v. Brown, 138 Ala. 526, 530, 35 So. 463, the authority of general and local agents of old-line insurance was considered. The rule there declared does not obtain as to fraternal benefit associations and policies. In a word, the effect of the statute is, on the point in question, to make the act of the local officer or member as that for the assured; and seeks to protect the order or society to the extent of its applicable provisions contained in the constitution and by-laws, as against an act of waiver, etc., which is contrary to the provisions of such constitution and by-laws.

In Beiser v. Sovereign Camp W. O. W., 199 Ala. 41, 74 So. 235, 236, the provisions of the Act of 1911, p. 713, "preclude any waiver, express or implied, or any estoppel predicated on the acts or conduct of any subordinate officer or member." This was incorporated in section 8477, Code, and the decision in Beiser v. Sovereign Camp W. O. W., supra, was adhered to in Padgett v. Sovereign Camp, W. O. W., 218 Ala. 255, 118 So. 456.

■ The recent decisions under the statute support the view we have indicated as to local officers, not supreme officers. Sovereign Camp, W. O. W. v. Eastis, 210 Ala. 29, 96 So. 866; Yarbrough v. Sovereign Camp, W. O. W., 210 Ala. 188, 97 So. 654; Sovereign Camp, W. O. W. v. Gay, 207 Ala. 610, 93 So.

559; Modern Order of Praetorians v. Childs, 214 Ala. 403, 108 So. 23; Sovereign Camp, W. O. W. v. Blanks, 208 Ala. 449, 94 So. 554; 31 Cyc. 1371, et seq. for general authorities.

■ In the Yarbrough Case, supra, the holding was the acceptance of delinquent assessment by a local clerk not binding on the association. It follows there was no error in sustaining demurrer to replication 8 and other replications of like import.

The other assignment of error is the sustaining of demurrer to replication as No. 4, as reply to plea 9, incorporating, as it does, the pertinent part of plea 8. Its effect is, defendant avers, that in the face of the beneficiary certificate issued to assured was the provision: "This certificate is issued and accepted subject to all of the conditions on the back hereof, and this certificate, together with the articles of incorporation, the constitution and laws of Sovereign Camp of the Woodmen of the World, and the application for membership and medical examination shall constitute the contract between the Order and the member, and any changes, additions or amendments to the Articles of Incorporation, constitution and laws hereafter made or enacted shall bind the member herein named, and his beneficiaries, and shall govern and control the contract in all respects the same as though such changes, additions or amendments had been made prior thereto and were in force at the time of his application for membership."

On the back of said certificate, and as a part thereof, there was printed the following provision, to wit: "If the admission fees, dues and the Sovereign Camp fund assessment levied against the member named in this certificate are not paid to the Clerk of his camp, as required by the Constitution and laws of the Order, this certificate shall be null and void."

And defendant, in addition thereto, alleges as follows, to wit: That on the back of the certificate sued upon there was printed, as a part thereof, the following provision: "No rights shall accrue under his certificate of membership to a beneficiary or beneficiaries, nor shall any benefits be paid until proof has been made of the death of the member while in good standing."

Defendant avers that no proof was made to this defendant that the said decedent, Huggins, died while in good standing. The insistence of appellee as to this is that the validity of plea 9 as a defense is not questioned by appellant. The plea does not allege that no proof of death was made; but that of the lack of proof of death while in good standing. This is not the question of formality or timeliness in the notice that the certificate holder had died. And the lack of formal notice and waiver thereof was the subject of Travelers' Insurance Co. v. Plaster,

130

210 Ala. 607, 98 So. 909. The matter of waiver (Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812) was that of a lapse of payment of premiums.

■■ According to the rules of law construing pleadings, plea 9 is taken most strongly against the pleader. It is set out in the statement of facts, and also replication 4 thereto. When duly considered, we are of opinion that there was error in sustaining demurrers to said replication, and the judgment is reversed for this ruling, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.