157 So. 266

GRAND LODGE, KNIGHTS OF PYTHIAS OF ALABAMA, etc., v. HANNINGTON.

3 Div. 757.

Court of Appeals of Alabama.
Oct. 30, 1934.

W. A. Jordan, of Montgomery, for appellee.

T. E. Martin, of Montgomery, for appellant.

SAMFORD, Judge.

The cause was tried by the court without a jury. On appeal in such cases this court will not reverse the judgment of the trial judge, unless the evidence plainly and palpably is against the judgment rendered by the trial judge, based upon his conclusion on the facts. Cobb v. Malone et al., 92 Ala. 630, 9 So. 738.

244

■ The defendant in the court below is a beneficial fraternal order issuing policies of insurance to its members, subject to certain provisions contained in its constitution and by-laws, by which all policy holders are bound. Sup. Commandery Knights of Golden Rule, etc., v. Ainsworth, 71 Ala. 436, 46 Am. Rep. 332; Sovereign Camp, W. O. W. v. Allen, 206 Ala. 41, 89 So. 58.

■ It is also provided by statute and in the contract sued on that no subordinate lodge, nor any of its subordinate officers, may waive any of the provisions of the constitution and by-laws. This makes the constitution and by-laws of defendant a part of the insurance contract and is binding alike on both parties. Code 1923, § 8477.

■ In the instant case it is contended by appellant that the insured was a member of one of its subordinate lodges, that that lodge was suspended for nonpayment of dues, and that while the subordinate lodge was so suspended the insured died. If this was so, without more, under the terms of the insurance contract, the insured, as a member of the subordinate lodge, was also suspended and could not recover in this action.

But, it is contended by plaintiff that even if there was a legal suspension of the local lodge, the defendant, acting through its grand officers, who under the constitution and by-laws of defendant's order had general supervision of all local lodges in such matters, waived such suspension, and continued to receive remittances by check from time to time from the local lodge, such remittances including the monthly dues of the insured in this case. If, therefore, the suspension of the local lodge was waived by the duly constituted grand officers and the plaintiff's insured remained in good standing in his local lodge, then the plaintiff should recover. Huggins v. Sov. Camp, W. O. W., 221 Ala. 126, 127 So. 821.

■■ On the foregoing question the trial court found:

"The policy in this case was regularly and legally issued to John Hannington on August 1, 1922, and the financial card book, showing the account of said Hannington with his subordinate lodge, shows that all his dues to that lodge and to the endowment fund of the defendant were paid up, and that he was not in arrears either for dues or endowment at the time of his death, but was in good standing with his subordinate lodge; and that insured died on August 12, 1932, of which the defendant has had due notice, the Court finding that satisfactory proof of death was duly made.

"It appears without dispute that on April 30, 1932, the subordinate lodge of which the insured was a member was suspended by the Grand Chancellor of the defendant, and that the lodge was not reinstated until September 2, 1932. However, it appears that during this period of suspension, to wit, April 30 to September 2, 1932, the proper officer of the subordinate lodge collected the dues and endowment from the insured, and that the Grand Lodge knew the officers of the subordinate lodge were so collecting dues from the members. It appears without substantial dispute the officers of the subordinate lodge sent checks to the Grand Lodge as follows: June 24, 1932, $18; June 24, 1932, $5.30; July 18, 1932, $86.60; July 18, 1932, $19; July 27, 1932, $2; July 27, 1932, $32.40; August 9, 1932, $6.50. The defendant retained and kept these checks until August 20, 1932, when its Grand Chancellor directed a letter to 'Sir Morris Smith, Montgomery, Alabama,' who was the Chancellor Commander of Hannington's lodge, sending the checks back, stating that he understood two of the subordinate lodge members had died, one of them being Hannington. Smith testified that the Grand Chancellor authorized him and the members of the subordinate lodge to continue as a lodge, and testified that the lodge was kept as a going concern. Under section 2, article 11, page 5, of the constitution and by-laws of the defendant, it appears that the Grand Chancellor is authorized to 'exercise a general superintendency of the affairs of the subordinate lodges in' his jurisdiction.

"While the local officers of a fraternal benefit society can not waive the provisions of the constitution and by-laws of the society (Code 1923, § 8477), it has been held that the supreme or grand officers may waive the provisions of the constitution and by-laws. Huggins v. Sovereign Camp, W. O. W., 221 Ala. 126, 127 So. 281. And the court is of the opinion in this case that the defendant's Grand Chancellor, its highest executive officer, authorized by the defendant to exercise a general superintendency of the affairs of the subordinate lodges, has waived the suspension of Hannington's subordinate lodge; and the court is further of the opinion that the defendant, by retaining the checks sent it without objection until August 20, 1932, eight days after Hannington had died, and of which death the subordinate officers of his lodge had immediate notice, has clearly waived the right to insist upon the contention that Hannington was out of benefit.

"It also appears without dispute that when the subordinate lodge was reinstated on September 2, 1932, the Grand Lodge officers received, for and on behalf of the defendant, the money represented by the checks returned on August 20, 1932, including the endowment premiums paid by the insured, John Hannington, prior to the date of his death and while a member in good standing of his subordinate lodge. The court is of the opinion that this action of the Grand Lodge officers was a clear ratification of the action of the subordinate lodge officers in receiving Hannington's money, and that this ratification was made with full knowledge of all the facts and circumstances relating to the policy of John Hannington."

The above and foregoing is quoted at length in appellee's brief and not denied by appellant, and the conclusions of facts are borne out by the evidence as set out in bill of exceptions as contained in the record. The statement of the trial judge is adopted as a part of this opinion, and the judgment is affirmed.

Affirmed.