# Powell *v.* Prudential Insurance Co. of America.

## *Action on Insurance Policy.*

(Decided Dec. 19, 1907.  45 South. 208.)

1. *Insurance; Contract; Delivery of Policy.*—The application for insurance stated that the applicant was in good health, that the application should be part of the contract of insurance, and that the policy should not take effect until delivered and the first premium paid, and while the applicant was in good health; the

[Powell v. Prudential Insurance Co. of America.]

policy was not delivered until after the death of the applicant; if the premium was paid at all it was while the applicant was fatally ill, of which the insurer was ignorant. Held, no valid contract of insurance was shown.

2. *Same; Waiver of Conditions of Policy by Agent.*—Where the application, which was made a part of the contract of insurance provided that no condition of the contract or the policy could be waived or modified by any agent, and further provided that it should be of no effect until the payment of the first premium and the delivery of the policy while the applicant was in good health, a soliciting agent could not waive the conditions of the policy so as to bind the insurer.

APPEAL from Wilcox Circuit Court.

Heard before Hon. Henry F. REESE, Special Judge.

Action by J. T. Powell, as administrator of the estate of C. D. Powell, deceased, against the Prudential Insurance Company of America. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

J. N. MILLER, for appellant. The court erred in failing to strike defendant's pleas.—111 Ala. 579; 2 Brick. Dig. 333. The court erred in overruling appellant's demurrers to pleas 3, 4, 5, 6, 9 and 11.—Sec. 2602, Code 1896. The court erred in sustaining demurrers to replications to those pleas.—128 Ala. 460; 137 Ala. 194; 42 L. R. A. 88; 1 Joyce on Ins. sec. 439, 541. Forfeitures are not favored in law.—138 Ala. 529; 96 U. S. 572. The question to Dr. McWilliams called for a fact and should have been permitted.—98 Ala. 315; 136 Ala. 279; 138 Ala. 472. When a paper is set out in haec verba in a plea there must be strict coincidence between plea and proof.—8 Ala. 366; 136 Ala. 657. Under General Acts 1903, p. 34, all rulings of the court on motions, demurrers and other pleadings as shown by the record, should be considered where a non suit was taken because of adverse rulings of the court.

WILLIAM C. FITTS, for appellee. No question upon the pleading is properly before the court as the appeal is from a nonsuit with bill of exceptions.—*Lester v. Blackwell,* 128 Ala. 143; *Sands v. Hickey,* 135 Ala. 342. The appellant court has only to deal with rulings of the trial court on the exclusion of evidence in this case.—*Cofer v. Schening,* 98 Ala. 338; *Darden v. James,* 48 Ala. 338; *Pritchard v. Sweeney,* 109 Ala. 651; *Rogers, Admr. v. Jones,* 51 Ala. 354; *Wyatt v. Evins,* 52 Ala. 285; *Levinshon v. Edwards,* 79 Ala. 293; *First Nat. Bank of Augusta v. Baker Hill Iron Co.,* 108 Ala.. 638; Sec. 614, Code 1896. The judgment entry is not sufficient upon which to review the rulings on demurrer.—*Reese v. Fuller,* 132 Ala. 282; *Barnemann v. Morris,* Id. 633; *Gulf Red Cedar Co. v. Walker,* Id. 557; *Ala. Nat. Bank v. Hunt,* 125 Ala. 521; *Crawford v. Crawford,* 119 Ala. 35; *Jasper Merc. Co. v. O'Rear,* 112 Ala. 225. The rulings on the pleading were free from error.—*Fidelity Mut. L. Ins. Co. v. Batson,* 136 Ala. 231. There is no such judgment here as will support an appeal.—*Barnemann v. Morris, supra; Bell v. Ott,* 101 Ala. 187; *Speed v. Cox,* 57 Ala. 209; Black on Judgments, sec. 16 and 26; 23 Cyc. 668-670; 2 Cyc. 1029 and 30.. No appeal has been prosecuted and no security for costs given.—*Collins v. Baldwin,* 109 Ala. 402; 2 Cyc. 919. Under the following authorities, the policy never became a contract, and the asserted waiver of the agent of the terms therein was not binding on the company.—*Reese v. Fidelity Mut. Life,* 36 S. E. 637; *Imperial Life Ins. Co. v. Glass,* 96 Ala. 568; *Fidelity Mut. Life Ins. Co. v. Batson, supra; Cabbell v. U. S. Ins. Co.,* 111 Fed. 28; *Kelly v. L. I. C. Co.,* 113 Ala. 453; 118 Mass. 178; 103 Mass. 89; 98 Mass. 539; 1 S. E. 796; 71 S. W. 853; 61 Pac. 667; 86 Ala. 425; 73 N. Y. Supp. 105; 92 U. S. 377; 37 Am. Rep. 317; 55

N. J. Law, 188; 5 C. C. A. 460; 102 U. S. 108; 116 Ala. 664.

HARALSON, J.—On June 22, 1904, Claude D. Powell applied to the defendant company for insurance on his life for $1,000. In his application for insurance, he stated: "I am in good health,  *  *  *  and all the statements and answers to the above questions are complete and true, and that the foregoing, together with this declaration, shall constitute the application, and become a part of the contract for insurance hereby applied for. And it is agreed that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and said policy shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health is in the same condition as described in this application."

The policy recites: "In consideration of the application for this policy, which is hereby made a part of this contract, and of the payment, in the manner specified, of the premium herein stated," the defendant company hereby insures, etc. It further provides: "No condition, provision or privilege of this policy can be waived or modified in any case except by an indorsement hereon signed by the president, one of the vice-presidents, the secretary, the assistant secretary or the actuary. No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or making or receiving any representation or information."

Edward Gray, the secretary of the defendant company, testified, that "no agent has any power to make any modification or alter any contract of insurance either in

[Powell v. Prudential Insurance Co. of America.]

the policy or the application therefor, nor to extend the time for paying any premium nor to extend the time for paying the first premium, nor to waive any condition precedent, nor to bind the company by making any promise or making or receiving any representation or information regarding policies or contracts of said company," and that "no agent has power to bind the company by delivering a policy without the payment of the first premium while the applicant is in good health, nor has any agent power to waive this rule."

"William T. Alford, Jr., had, at no time, any authority to deliver [this policy or] any policy of insurance to any person while the health of that person was bad or while such person was sick."

A copy of the agent's contract with the company was proved and introduced in evidence, fully corroborative of these statements of the secretary, and this evidence is without conflict.

Maxwell testified, that he took the policy from the safe of some merchants, where it was to be found, and sent it to one Dr. McWilliams on August 26th or 27th. The applicant died about 4 o'clock August 26th.

The appellant was dead when the policy was taken by Maxwell from the place where Alford had lodged it for safe-keeping, and when it was delivered to McWilliams.

W. T. Alford, the soliciting agent, testified, that "the first premium was never paid."

G. E. Kyser, witness for plaintiff, testified that Mr. Alford told Dr. McWilliams, who was passing Melton & Kyser's store, and who was called into the store, "to take the policy and pay the premium when he, McWilliams, paid his own premium, McWilliams being insured in same company, and the premium on his policy not being yet due, and asked if the policy would be good, Powell being already sick, and Alford said it would be, and

that he Kyser told McWilliams that he, Kyser, would keep the policy, and McWilliams could get it at any time. "No money was paid."

McWilliams testified, as to this transaction, that the policy remained in Melton & Kyser's safe, up to the date of Powell's death, and it was under his control, and he got the policy from Kyser, after Powell's death, and delivered it to J. T. Powell, who was the father of the deceased.

J. T. Powell testified, he was the father of the deceased, who died at his house; that his son came home sick, the 19th or 20th of July, 1904, and had a long spell of continued fever; that he was at his worst about the 10th of August, and died on August 26th; that he was in a dangerous condition about the 1st of August, and remained so for about two weeks, when he took a turn for the better; that he received the policy from Dr. McWilliams, who delivered it to him, after the death of the assured.

The defendant, after all the evidence was in, moved the court to exclude the policy of insurance sued on, on the ground that the application and policy construed together, constitute the contract that the deceased and the defendant were in process of attempting to effectuate, and that when so construed together, they present an executory agreement, by which it was agreed that the policy should not take effect until the same should be issued and delivered by the company, and the first premium paid thereon in full, while the health of Powell was in the same condition as described in the application, and under the undisputed evidence in the case, the policy was not delivered by the company and the first premium paid thereon in full, while the health of Powell was in as good condition as that described in the application. The court granted the motion, to which rul-

ing the plaintiff excepted, and took a nonsuit with bill of exceptions.

It should be stated, that there was evidence tending to show that the amount of the first premium had been sent to the home office; but the evidence shows, without conflict, that Powell never paid the amount, and knew nothing of its transmission. The witness, Tapia, who was agent for the company, testitfied that his cashier transmitted this amount to the company, and did it by mistake, and without Tapia's knowledge or direction.

There was a great mass of pleadings, motions, etc., backwards and forth in the case, covering some 79 pages of the record.

It is unnecessary to notice assignments of error growing out of the rulings of the court in such matters. The case was tried upon the general issue and other pleas setting up the real defenses in the cause. It is to be admitted, that without the policy in evidenve, the plaintiff could not recover, so if we conclude that the motion to exclude it was properly granted, such ruling disposed of the case, and if there were errors in other rulings, they were errors without injury.

In *Whiting v. M. M. L. Ins. Co.*, 189 Mass. 240, 37 Am. Rep. 317, it was decided, "that if a policy of life insurance contains the provision, that the policy 'shall not take effect until the advance premium shall have been paid, during the lifetime of the person whose life is hereby insured,' a payment of such premium by a third person, without the knowledge of the assured, is of no effect, although made with his money; and his admission cannot ratify the act."

In *Russell v. P. L. I. Co.*, 176 N. Y. 178, 69 N. E. 252, 98 Am. Rep. 656, it was held, that "the insured is charged with notice of the covenants of a written application which he executed, and which, by the terms of the pol-

icy, is made part thereof; and if the application provides that the policy shall not be in force until the first premium is paid, the legal result is, that the insured covenants with the corporation directly, and not through its agents, that the policy shall not be binding until such payment is made."

"An insurance corporation may enter into a contract with a person applying for insurance, which so fixes the precise conditions under which the policy shall issue, that an agent, in the absence of express authority, cannot abrogate it."

"An insurance corporation may so draw the various papers connected with its contract of insurance, as to prevent general and local agents from exercising powers to the detriment of the corporation, when the substantive provisions of the contract are brought home to the insured, prior to the alleged delivery of the policy."

This case also holds, that when an application for insurance, signed by the applicant, provides that the policy shall not take effect until the first premium is paid in full, and the policy is issued, that no agent has power to extend the time for paying the premium, or to waive any forfeitures, and that these powers can be exercised only by the president or secretary or one of the vice presidents, and that no provision of the policy can be waived or modified except by such officers. A general agent, whose appointment specifies that he has no authority to make, alter or destroy any contract, to waive any forfeiture, has no power to waive the payment of the first premium, and the delivery of a policy to him without such payment, is ineffective.—*Imperial L. I. Co. v. Glass*, 96 Ala. 568, 11 South. 671; *Cable v. U. S. L. Ins. Co.*, 111 Fed. 19, 49 C. C. A. 216; *Rossiter v. AEtna Life Ins. Co.*, 91 Wis. 121, 64 N. W. 876; *Markey v. M. B. L.*

*Ins. Co.,* 126 Mass. 158; *Ormond v. M. Ins. Co.,* 96 N. C. 158, 1 S. E. 796.

Here we find that two absolute conditions precedent of the contract of insurance, were set aside or annulled, in what the friends of the deceased attempted to do, in that, the first premium was never paid by the assured nor any one for him, and if, by any possible construction, it could be held that it was paid, it is not pretended that the assured was not fatally sick at the time, of which fact the company was ignorant; and further, it is not denied that the policy was never delivered—if what was done could possibly amount to a delivery—until after the death of the assured. To hold that the policy was good under such circumstances, would be to abrogate and set aside the contract of insurance, and hold the company liable for a payment of the policy against the very terms of its contract.

The only escape from this conclusion is the one urged by plaintiff's counsel, that the forfeiture provided in the policy was waived by the agent, Tapia. The acts of this agent, however, cannot be held to be a waiver of the terms of the policy—that the premium should be paid while the health of the assured was in the same condition as when he made the application for insurance. That an insured, should thus stipulate, and that the policy should be binding, although the premium was not paid, and he was taken fatally sick before there is any pretense that the policy was delivered, superadded to the fact, that there was no pretense of delivery, as all the evidence without conflict shows, until after the death of the assured; and after all this, allow the administrator of deceased to recover on the policy, would be against the plainest dictates of reason and justice. In the assured's application, signed and understood by him, he agreed that the "policy shall not take effect until the

same shall be issued and delivered by the said company and the first premium paid thereon in full, while my health is in the same condition described in this application." The policy sent out and not delivered to assured, which by its terms referred to, and made this application a part of it, contained the clause, as has before appeared, that: "No condition, provision or privilege of this policy can be waived or modified in any case except by an indorsement hereon signed by the president, one of the vice presidents, the secretary, the assistant secretary or the actuary. No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or making or receiving any representation or information."

The assured cannot be held to have been ignorant of the terms of his alleged policy, nor can those who assumed to act for him in receiving and pretending to deliver the policy, be held to have been ignorant of these terms of the contract, and further, that no agent had any right to waive them; nor, again, can it be held that any agent could have acted contrary to these terms on the ground that he was an agent and appeared to have such authority. No conclusion can be indulged that the agent, under such circumstances had, or could have acted on, any real or supposed authority, for waiving any condition specified as ground of forfeiture.

The ruling of the court and the judgment below must be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.