# Batson *v.* Fidelity Mutual Life Ins. Co.

### Action on Insurance Policy.

(Decided May 14, 1908.  46 South. 578.)

1. *Insurance; Commencement of Risk; Premiums; Payment.*—In the absence of authority from the insurer, or a subsequent ratification or waiver on his part, a note given by the insured to the agent of the insurer for the initial premium, did not constitute a payment of the initial premium, under a policy providing that it should not become operative until the actual payment of the initial premium and a delivery of the policy during the life and good health of the insured; and providing further that no agent had authority to grant credit or extend the time for paying any premium, or to bind the company by any promise.

2. *Evidence; Parol Evidence to Explain Receipt.*—A condition that a failure to pay the note at maturity operated to annul the policy appearing in the face of the receipt, it was competent to introduce parol evidence showing that no actual payment was made, but that the agent took insured note, which, though past due, had never been paid, in explanation of a receipt given to insured by the agent of the insurer at the time the policy was delivered.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAMS JACKSON.

Action by Mary Frances Batson against the Fidelity Mutual Life Insurance Company upon a life insurance policy. From a judgment for defendant plaintiff appeals. Affirmed.

PINKNEY SCOTT, for appellant. The 4th plea alleges conditions reserved for the benefit of the defendant of which it could take advantage or waive.—*U. S. L. Ins. Co. v. Lesser*, 126 Ala. 580;*Washburn v. U. C. L. Ins. Co.* 143 Ala. 482, and the replication sets up a waiver of the conditions alleged in plea 4.—40 Am. St. Rep. 96. An agent entrusted with the receipt and policy for delivery may waive payment and deliver the policy.— *U. S. L. Ins. Co. v. Lesser, supra; Ins. Co. v. Woolf,* 95 U. S. 326. The agent had authority to wave.—*Ins. Co. v. Wilkerson,* 13 Wall. 222; *Syndicate Ins. Co. v. Catchings,* 104 Ala. 188; *Travellers Ins. Co. v. Brown,* 138 Ala. 350; *Ins. Co. v. Lesser, supra; F. M. L. Ins. Co. v. Batson,* 136 Ala. 234. The 9th ground of demurrer to the replication is not good.—16 A. & E. Ency of Law, 859; 40 Am. St. Rep. 96. The attempt to collect the note by reducing it to judgment waived the forfeiture.— *Gallagher v. S. M. L. Ins. Co.* 43 South. 833. Bradley's testimony was competent.—*Frank v. Thompson,* 105 Ala. 219.

CABANISS & BOWIE, for appellee. A sub-agent of a life insurance company, having authority to solicit applications, deliver policies and collect premiums, has not by virtue of such employment any general authority to give credit or receive anything but cash in payment of the first premium on the policy.—*Continental Life Ins. Co. v. Willets,* 24 Mich. 268; *Charter Oak Life Ins. Co. v. Smith,* 6 Ohio Dec. 625; *Marland v. Royal Ins. Co.,* 71 Pa. 393; *Ormond v. Fidelity Life Assn.,* 96 N. C. 158.

Such sub-agent has no authority to wave the prepayment of the initial premium, where it is expressly provided in the contract of insurance that only officers of the company at the head-office shall be authorized to grant credit, extend time for paying any premium or waive any forfeiture or bind the company by making any promise.—*Powell v. Prudential Ins. Co.* (*Ala.*) 45 Sou. 208; *Pottsville Mut. Fire Ins. Co. v. Minnequah Springs Imp. Co.* 100 Pa. 137; *Wilkins v. State Ins. Co.* 43 Minn. 177, 45 N. W. 1; *Reese v. Fidelity Mut. Life Assn.* 111 Ga. 482, 36 S. E. 637; *Russell v. Prudential Life Ins. Co.* 176 N. Y. 178, 98 Am. St. Rep. 656. Failure to pay at maturity a note given for the initial premium, it being stipulated that failure to pay such note shall render the policy void, terminates the contract of insurance, such provision being valid and binding on the insured:— *Imperial L. I. Co. v. Glass* 96 Ala. 568; *Robinson v. Cont. Ins. Co.* 76 Mich. 641, 6 L. R. A. 96; *Roberts v. New England Mut. L. I. Co.* 12 Ohio Dec. 668, 2d Disn. 106; *Fenn v. Union Central L. I. Co.* 48 La. Ann. 541, 19 Sou. 623; *Laughlin v. Fidelity Mut. L. Assn.* 8 Tex. Civ. App. 448, 28 S. W. 411; *Manhattan L. I. Co. v. Myers,* 109 Ky. 372, 59 S. W. 30; *Kerns v. N. J. Mut. L. I. Co.* 86 Pa. 171; *Continental Ins. Co. v. Dorman,* 125 Ind. 189; *Union Central L. I. Co. v. Duvall,* 16 Ky. Law Rep. 398; *Union Central L. I. Co. v. Chowning,* (Tex.) 28 S. W. 117; *Watrous v. Miss. Valley I. Co.* 35 Ia. 582; *Joliffe v. Madison Mut. Ins. Co.* 39 Wis. Ill.

DOWDELL, J.—This is an action upon a life insurance policy. The defendant filed four pleas to the complaint. The first and second pleas were a general denial of the allegations of the complaint. The third and fourth pleas set up special matters of defense. Issue was joined on the first three pleas, and special replica-

tions were made to the fourth plea, to which demurrers were interposed and sustained. We pretermit consideration of the ruling of the court below on the demurrers to the replications, since any consideration of these rulings, in the view we take of the case, is unnecessary to a final determination of the cause.

The third plea, on which issue was taken by the plaintiff, sets up a failure by the assured to pay the initial premium on the policy, a nonpayment of which by the terms of the contract rendered the policy invalid. The provisions in the contract of insurance in the case before us are much the same as those in the case of *Powell v. Prudential Ins. Co. of America*, 153 Ala. 611, 45 South. 208. The principles of law stated in that case and the authorities there cited find ready application here. The contract here sued on provides in terms that it "shall not be operative and binding until the actual payment of the initial premium and delivery of the policy during the lifetime and good health of the assured." It is also stipulated in the contract and agreed to by the assured that no agent of the company has the power or authority "to grant credit, or to extend the time for payment of any premium, or to waive any forfeiture, or bind the company by making any promise, or by making or receiving any representation or information; it being agreed that such power can only be exercised in writing by the president, vice-president, actuary, or assistant actuary of the company, at its head office, and shall not be delegated."

The undisputed evidence is that the initial premium was never paid. The soliciting agent, who delivered the policy, together with the receipt introduced in evidence, instead of collecting and receiving from the assured the initial premium, as was his duty, and which only as such agent he had the authority and power to do, took

[Batson v. Fidelity Mutual Life Ins. Co.]

the note of the assured for the initial premium payable
to himself individually at 30 days. This he had no au-
thority to do, and the assured was informed of this want
of authority in the agent by the terms of the contract.
The note was never turned over to or accepted by the
company, and it is not shown that the defendant com-
pany ever had any knowledge or notice of this act of the
agent until after the death of the assured. The act of
the agent in taking the note of the assured for the initial
premium, without authority from the defendant com-
pany, and without any subsequent waiver on its part
of the agent's unauthorized conduct, or ratification of
said act of the agent, cannot in reason be said to con-
stitute in law an actual payment of the initial premium
within the meaning of the contract.

The receipt delivered to the assured by the agent at
the time of the delivery of the policy, and which was in-
troduced in evidence by the plaintiff, was open to ex-
planation by parol evidence. It was shown, and not de-
nied by the plaintiff, that no actual payment of the ini-
tial premium was made; and, this being true, the taking
of the insured's note by the agent could avail the plain-
tiff nothing, as it was not paid at maturity, and as, for
that matter, it has never been paid, and there being in
the face of the receipt given to the assured a condition
that the failure to pay the note at maturity operated to
end and determine the policy.—*Knickerbocker Life Ins.
Co. v. Pendleton,* 112 U. S. 696, 5 Sup. Ct. 314, 28 L. Ed.
866; *Iowa Life Ins. Co. v. Lewis,* 187 U. S. 335, 23 Sup.
Ct. 126, 47 L. Ed. 204; *Fidelity Mut. Life v. Price,* 117
Ky. 25, 77 S. W. 384; *Ressler v. Fidelity Mutual Life,*
110 Tenn. 411, 75 S. W. 735.

The third plea being sustained by the undisputed evi-
dence in the case, the defendant was entitled to the gen-

[Haden v. Troy.]

eral charge, as requested in writing, and which the court gave. We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.