# Tapia *v*. Baggett.

*Assumpsit.*

(Decided June 2, 1910.   52 South. 834.)

1. *Bills and Notes; Action; Evidence.*—In an action on a note the introduction of the note containing an endorsement transferring it to plaintiff and the testimony of the plaintiff that he bought it in due process of business before maturity for its face value, made out a prima facie case.

2. *Insurance; Acceptance of Policy; Payment of Premium.*—Where the insured accepted a life policy and retained it for three or four months without objection, and without making any effort to reject or return it, he becomes liable for his note on the initial premium.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Assumpsit by J. R. Tapia against Jesse T. Baggett. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The action was on a note given by the defendant Baggett to J. C. Hogue for the initial premium on an insurance policy.  The pleas were:   (1) The general issue; (2) want of consideration; and (3) that the policy was to be made payable to defendant's wife according to the agreement, but was in fact made payable to the defendant, and that defendant declined to accept this policy, and that the same is now in the hands of the plaintiff.   The plaintiff introduced the note, with the indorsement transferring it to him, and testified that he bought it in due process of business, before maturity, for the face value of the note.   The note is negotiable. As to the length of time that the policy was kept, it seems to be agreed that it was retained by the insured three or four months before it was returned.

The court refused the following charges to the plaintiff:   (1) "If the jury are reasonably satisfied that the

[Tapia v. Baggett.]

defendant received the policy and kept the same for four months, then your verdict should be for the plaintiff." (2) "The court charges the jury that, if the evidence of Baggett shows that he kept the policy three or four months without objection, you should find for the plaintiff." (3) "The court charges the jury that, if they are reasonably satisfied from the evidence that the defendant kept such policy for a period of four months before returning the same to Hogue or Tapia, you must return a verdict for the plaintiff." (4) General affirmative charge to find for plaintiff.

EDWIN C. PAGE, for appellant. The court erred in excluding the question propounded to the witness Hogue. —*Lewis v. Hudmon*, 56 Ala. 186; *Phenix Assur. Co. v. McArthur*, 116 Ala. 659; *Home Pro. v. Whiddon*, 103 Ala. 203. Counsel discusses other assignments of error, but without citation of authority.

JOHN D. BURNETT, and JAMES A. STALLWORTH, for appellee. No brief came to the Reporter.

ANDERSON, J.—The plaintiff introduced the note, containing an assignment thereof, and made out a prima facie case. The defendant failed to prove his second plea, "want of consideration." There was a consideration, whether the policy should have been made payable to him or his wife. He also failed to establish his third plea, which, among other things, averred that he did not accept the policy. The undisputed evidence shows that he not only accepted it, but retained it for three or four months, without objection or making any effort to return it. Had the defendant died while in possession of the policy, during the three or four months after the issuance thereof, having made no objection or protest, the company could not have defeated the

payment of same upon the ground that it had not been accepted.

The plaintiff was entitled to the charges requested, and which included the general charge. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.