# Manhattan Life Insurance Co., v. Hereford.

### *Action on Insurance Policy.*

(Decided May 11, 1911, Rehearing denied June 5, 1911. 55 South. 497.)

*Insurance; Contract; Requisites; Payment of Premium.*— Where the policy stated that it was made in consideration of the application and of the annual premium to be paid in advance, and that there should be no contract of insurance until the first premium was paid, there was a compliance with that condition as to payment when the applicant executed a note for the premium payable to the agent individually, who negotiated the note and remitted the premium to the company, whereupon the policy issued and was delivered to applicant.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

Action by Alice Hereford against the Manhattan Life Insurance Company on an insurance policy. Judgment for plaintiff, and defendant appeals. Affirmed.

FRED S. BALL, and COOPER & COOPER, for appellant. We submit that under the facts in this case there was never any contract of insurance.—*Powell v. Prudential Insurance Co.,* 153 Ala. 611; *Whiting v. Mass. Ins. Co.,* 189 Mass. 317; *Russell v. Prudential Ins. Co.,* 176 New York, 178; *Piedmont Ins. Co. v. Ewing,* 92 U. S. 377; *Giddings v. Insurance Co.,* 102 U. S. 108. There was

no mutuality in the contract.—*Batson v. Fidelity Ins. Co.,* 155 Ala. 265.

WALKER & SPRAGINS, for appellee. As between the company and the insured the first premium was paid.—*Life Ins. Co. v. Hairston,* 128 Amer. St. Rep. 898; *Metropolitan Life Ins. Co. v. Williamson,* 174 Fed. 160. Although written instructions were given not to accept notes for the first premium, such rule, and a like condition of the policy may be waived.—*Ins. Co. v. Norton,* 96 U. S. 234. The company cannot with a knowledge of such dealings be left to enforce the collection of a note if the insured lived. Or if he died to repudiate the whole transaction.—*Ins. Co. v. Wilkinson,* 13 Wall. 222. The company cannot receive the benefit of this practice and repudiate the obligation.—87 Fed. 646.

SIMPSON, J.—This action is by the appellee against the appellant, on a life insurance policy on the life of plaintiff's husband, in her favor.

There is no controversy about the facts that the local agent of said insurance company took the application, took a negotiable promissory note payable to himself individually, which he subsequently negotiated, for the initial premium, and sent to the general agents—and they to the company—the amount of said initial premium, less his commissions, which was duly placed to his credit, and that the policy was issued and delivered. Neither the general agents nor the officials of the company had any notice that the premium was not actually paid, in cash, by the insured. The policy states that it is made in consideration of the application, which is made a part of the contract, "and of the annual premium, * * * to be paid in advance, to the company, at its office, in the city of New York, on the de-

livery of this policy." The application provides "that there shall be no contract of insurance until" the policy is issued and received, "and the first premium paid." It also has the stipulation that the agent has no authority to alter the terms and conditions of the policy.

The contention of the appellant is that the payment of the premium by the agent was not a compliance with the terms of the policy, inasmuch as it has not been paid by the insured. The application does not state by whom the premium is to be paid; but, even if it be admitted that the intention was that it should be paid by the insured, the gravamen of the contract is that the premium shall be paid to the company, and it is difficult to see what difference it would make to the company who paid the premium, so it was paid, and the payment acquiesced in by the insured. It is true that a stranger cannot make the promisor his debtor, by paying the debt, without request or authority therefor; but even that principle would have no application where the promisor had executed his negotiable promissory note to the party who afterward pays his debt. Such a transaction amounts really to a loan of the money, by the agent individually, to the insured, and while it is true that, if the money was never paid to the company at all, the insured could not claim it as a payment, because the company had not authorized the agent to extend the time of payment, and the insured had trusted to the agent as his agent to pay the money, yet when the agent actually pays the money to the company, it is as effectual as if the insured had paid it himself, and his liability is to the agent on his note. "Where the creditor accepts payment from a stranger to the contract, such payment operates as an extinguishment of the debt so far as the creditor is concerned."—30 Cyc. 1182, 1183; *Leavitt v. Morrow,* 6 Ohio St. 71, 67 Am. Dec. 334;

*Crumlich v. Cent. Imp. Co.,* 38 W. Va. 390, 18 S. E. 456, 23 L. R. A. 120, 45 Am. St. Rep. 872; *Gray v. Herman,* 75 Wis. 453, 44 N. W. 248, 6 L. R. A. 691, 692.

This principle has been distinctly applied to a payment of an insurance premium by the agent who took the application.—25 Cyc. 725; *Krause v. Equitable Life Assurance Soc.,* 99 Mich. 461, 58 N. W. 496, 497; *Life Ins. Co. v. Hairston,* 108 Va. 832, 62 S. E. 1057, 128 Am. St. Rep. 989, 1000. In the case of *Whiting v. Massachusetts Mutual Life Insurance Company,* 129 Mass. 240, 37 Am. Rep. 317, cited by appellant, the policy had not been delivered, but was left at the place of business of the insured, to be paid for "if the policy was correct and satisfactory," and while the insured was on his deathbed, and without his knowledge, his sister paid the premium. The theory of that court was that the minds of the contracting parties had never met, as the insured had not pronounced the policy correct and satisfactory. Without pronouncing upon the correctness of that case, it does not sustain the contention of the appellant in this case. In the case of *Piedmont, etc., Life Insurance Company v. Ewing,* 92 U. S. 377, 23 L. Ed. 610, while negotiations were pending between the agent and the applicant, a friend paid the premium, concealing from the agent the fact that the applicant was then in a dying condition. In the case of *Giddings v. Insurance Company,* 102 U. S. 108, 26 L. Ed. 92, the policy provided that it was not to take effect "until the premium be actually paid during the lifetime of the person whose life is assured." The policy was not delivered, but canceled for nonpayment, and the administrator tendered the amount of the first premium after the death of the applicant. In the case of *Powell v. Prudential Insurance Company,* 153 Ala. 611, 45 South. 208, the application contained the requirement that the policy should

[Manhattan Life Insurance Co., v. Hereford.]

not take effect "until the same shall be issued and delivered by the company, and the first premium paid thereon in full, while my [insured's] health is in the same condition as described in this application" and the policy was not delivered until after the death of the applicant, and the premium not paid until he·was fatally sick. While it is true the court refers to the fact that there was evidence tending to show that the amount of the first premium had been sent to the home office, yet it is stated that it was sent by mistake by the cashier of the agent (153 Ala. 617, 45 South. 210), and the decision is based on the principle that, even if it was sent, it was not until the applicant was fatally sick, and that the policy was not delivered until after the death of the applicant (153 Ala. 619, 45 South. 210). In the case of *Batson v. Fidelity Mutual Life Insurance Company*, 155 Ala. 265, 46 South. 578, 130 Am. St. Rep. 21, the agent took the note of the applicant, and never either turned over the note to the company or remitted the amount of the premium.

The other cases referred to by appellant are entirely different in facts from the one now under consideration, such as a mere verbal extension of time in payment, or taking a note payable to the company, which was not paid at maturity, and have no application to this case.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.