(85 South. 370)

**PRYOR v. GOWAN.** (5 Div. 735.)

(Supreme Court of Alabama. April 8, 1920.
Rehearing Denied May 20, 1920.)

**Insurance ⬤═137(3) — Specific performance ⬤═55—Agreement to convey lots to agent in payment of premium, not specified in policy, illegal.**

Under Acts 1909, pp. 111–115, § 2, where a life insurance agent's agreement to receive certain lots in payment of first premium on a policy, the difference to be paid to insured on delivery of deed, was not specified in the policy, the agreement of insured to convey the lots is illegal, and not specifically enforceable.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Bill by F. C. Pryor against J. E. Gowan to compel specific performance of contract to convey lands. From decree sustaining demurrer to the bill, complainant appeals. Affirmed.

Lawrence F. Gerald, of Clanton, and Steiner, Crum & Weil, of Montgomery, for appellant.

The contract set up in the bill does not come within the purview of Acts 1909, p. 111, § 2. Section 4579, Code 1907; 159 Ala. 533, 49 South. 234; Joyce on Ins. 1092–A; Lewis' Sutherland, Stat. Const. vol. 2, §§ 422 to 434; 36 Cyc. 1119, 1120; Dix v. State, 8 Ala. App. 338, 62 South. 1007; 32 Ala. 583; 222 U. S. 167, 32 Sup. Ct. 51, 56 L. Ed. 145. However, if intended to cover a contract such as this, the section referred to is void and of no effect. 80 Ala. 89; 81 Ala. 72, 1 South. 472; 154 Ala. 249, 46 South. 268; 75 Ala. 533; 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; 169 Ala. 420, 53 South. 1027; 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23; 140 Ala. 134, 37 South. 225; section 45, Const. 1901.

Attention is also called to the case reported in 203 Ala. 145, 82 South. 175.

Smith & Brosell, of Clanton, for appellee. No brief came to the reporter.

McCLELLAN, J. The appellant's amended bill sought the specific performance of a con-

tract. Demurrer thereto was sustained, and this appeal results. The case made by the amended bill is thus stated on brief for appellant:

The bill as amended avers that appellant was the agent for the American Central Life Insurance Company, of Indianapolis, Ind., and as such agent received from appellee an application for two policies of life insurance, the aggregate premiums amounting to $721; that appellee, in order to pay the first premium on the policies, offered to sell appellant two lots in the town of Clanton, which are described in the bill, for $781, the difference between the value of the lots and the amount of the first premium to be paid by appellant to appellee in cash. It is further averred that the application for insurance was accepted, and the policies issued, appellant paying to the company the amount of the premiums; that appellant tendered to appellee the two policies of insurance, a receipt for the first year's premium, and the $60 in cash in performance of the contract, but appellee refused to comply with the agreement by conveying to appellant the lots agreed to be sold.

The paper signed by appellee, exhibited with the bill reads:

"Clanton, Ala. Dec. 20/18.

"I have this day bought of F. C. Pryor, Agt. of American Central Life Ins. Co., of Indianapolis, Ind., $20,000. 20 payment life policy with coupons attached said policy designated as O. L. C. O. 3 in one and the annual premium on said policy is $721.00 and in payment of said first premium the said F. C. Pryor agrees to accept two vacant lots No. 1 & 2 in block 8 in Gowan addition to the town of Clanton, said lots being 72½x150 ft. each facing north on Second Ave. South and compose the NE¼ of block 8 as above, and said 'lots are free and clear of 'incumbrances and I guaranteed good title to the said lots and abstract furnished guaranteeing title. And the said F. C. Pryor is to pay me $60.00 cash at the time I deliver deed to said lots and he delivers the ins. to me with receipt for the first years. premium."

This agreement was not set out in the policy.

In sustaining the demurrer the trial court applied and enforced the provisions of section 2 of the act published in General Acts, Special Session 1909, pp. 111–115. Recourse to the original enactment in the office of the Secretary of State shows it was approved by the Governor August 25, 1909, thus removing any possible question, suggested in the brief, consequent upon the provisions of section 2 of the act. The title of this act is as follows:

"An act to prohibit misrepresentations, rebating and discriminations by life insurance companies, and prohibiting the issuance of certain special contracts and the sale and issuance of stocks, bonds or other securities in connection with the sale of life insurance."

Its section 2, in so far as now important, reads:

"Nor shall any such company or agent thereof make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon; nor shall any such company or any officer, agent, collector or representative thereof pay, allow or give or offer to pay, allow or give directly or indirectly, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefits to accrue thereon, or any paid employment or contract for services of any kind or any valuable consideration or inducement whatever not specified in the policy contract of insurance; nor give, sell or purchase or offer to give, sell or purchase, as inducement to insurance or in connection therewith, any stocks, bonds or other securities of any insurance company or other corporation, association or partnership, or any dividends or profits to accrue thereon, or anything of value whatever, not specified in the policy."

This section also provides a penalty for its violation and directs the insurance commissioner, upon being satisfied that any insurance company or any agent thereof has violated any provision of the section 2, to revoke the certificate of authority of the company or agent so offending.

The view prevailing below appears to have been that this agreement for the payment of the first premium was not shown to have been set forth in the policy.

In effect, only two questions are argued on the brief for appellant, viz.: (a) That section 2 contains no provisions applicable to the agreement recited above; (b) that, if so, the provisions applicable are void for that they are not within the title of the act, as required by Const. § 45: "Each law shall contain but one subject, which shall be clearly expressed in its title."

That the agent's (appellant's) agreement to receive the mentioned lots in payment of the first premium—the difference, $60, to be paid to the appellee upon delivery of deed—should have been "specified in the policy," is made plain in at least two provisions of the above-quoted section. The first is the provision prescribing that no company or agent shall "make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon"; and the second is the more particular provision prohibiting the purchase, as an inducement to insurance, of "anything of value whatever" that is "not specified in the policy." The agreement, as written, necessarily discloses a purpose to effect the issuance of a policy of life insurance, and to discharge the first of the annual premiums therefor by the conveyance of the lots at agreed value; the difference between the amount of the annual premium and the agreed value of the

lots being fixed at $60. The policy of our insurance laws is to require and to enforce uniformity in such transactions. They prohibit, under penalty, rebates and discriminations; and, in aid of the effectuation of this public policy, it is inescapably exacted that the insurance contracts shall contain the entire engagement and any related obligations with respect thereto, it being forbidden to make an insurance contract "or an agreement as to such contract" that is not "plainly expressed in the policy issued thereon"—thus manifesting an unmistakable purpose to compel the incorporation in the contract issued of all the terms of pertinent agreement that precede the issuance of the policy thereon. It results that the law's exaction that the subject-matter of the quoted agreement, signed by appellee, should have been incorporated in the "policy issued thereon," was not observed in this instance, even if it should be affirmed, as contended in the brief for appellant, that the phrase "or anything of value whatever" is not within the title of this act—a question that is not necessary to be now decided in view of the stated conclusion that the preceding applicable general provision of the act, independent of the last-quoted phrase, required the written agreement, signed by appellee, to be incorporated "in the policy issued thereon."

The ruling on demurrer accorded with the law's command.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.