(122 So. 621)

### NATIONAL LIFE & ACCIDENT INS. CO. v. STEWART. (6 Div. 326.)

Supreme Court of Alabama. May 9, 1929.

Rehearing Denied May 30, 1929.

Mathews & Mathews, of Bessemer, for appellant.

Benton, Bentley & Moore, of Bessemer, for appellee.

THOMAS, J. ■ There was no error in overruling objection to the question: "What was the condition of her (assured's) health when the policy was issued?" It was a question calling for the obvious facts from one who was intimately associated with assured, that it appeared or seemed to be good, apparent to the senses of an ordinary observer. Sovereign Camp Woodmen of the World v. Hoomes (Ala. Sup.) 122 So. 686;[1] American National Insurance Co. v. Rains, 215 Ala. 378, 110 So. 606; National Order of Mosaic Templars of America v. Lile, 200 Ala. 508, 76 So. 450; Dominick v. Randolph, 124 Ala. 557, 27 So. 481; Fountain v. Brown, 38 Ala. 72; Barker v. Coleman, 35 Ala. 221; Wilkinson v. Moseley, 30 Ala. 562; Bennett v. Fail, 26 Ala. 605; Milton v. Rowland, 11 Ala. 732. See, also, Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902.

■ The case was for the jury who had inferences from the evidence that the physician diagnosed the fatal ailment of assured about the early part of September, 1927, and not before. This was some time after delivery of the policy of date of August 8th, and the physician did not say she was so affected in August.

The case of Southern Life & H. Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540, held for the jury, bears similarity to the instant case. The witness Stewart was positive that all of the sick benefit claims were filled out about the middle of September, and this material question of fact was properly submitted to the jury under the rule that obtains. Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; American Ry. Express Co. v. Henderson, 214 Ala. 268, 107 So. 746.

Thus the only controverted fact of whether or not assured had tuberculosis on August 8, 1926, the date of her insurance contract with appellant, was duly submitted; as clearly defined and submitted to the jury by the given instructions. The physician states that he came to the conclusion of her condition "at the time" that he gave the certificates for sick benefits. He does not locate the time; the plaintiff's evidence fixes that time in September and not August.

It is true that courts take judicial knowledge that one afflicted with tuberculosis is not in sound health and material to the risk, within the meaning of insurance contracts (Brotherhood, etc., v. Riggins, 214 Ala. 79, 107 So. 44; Southern L. & H. Ins. Co. v. Morgan, 21 Ala. App. 5, 105 So. 161; Id., 216 Ala. 529, 113 So. 540); yet, the evidence of the physician was not such as to show, without conflict, that assured had tuberculosis on the date of the delivery of the policy or certificate of insurance. Southern L. & H. Ins. Co. v. Morgan, supra.

Refused charges 3, 13, and 15 were respectively embraced in the given charges.

There was no error in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and FOSTER, JJ., concur.

