(132 So. 37)

**LINCOLN RESERVE LIFE INS. CO. v. FOWLER.**

**6 Div. 543.**

Supreme Court of Alabama.
Oct. 30, 1930.

Rehearing Denied Jan. 29, 1931.

Harsh & Harsh, of Birmingham, for appellee.

Judge & Nesmith, of Birmingham, for appellant.

THOMAS, J.

The suit was upon a policy of life insurance, and resulted in judgment for plaintiff.

Plea 4, to which demurrer was sustained, set out, in substance, provisions of the application as a part of the policy, that the same shall not take effect unless "the first premium is paid" and the policy delivered during the lifetime and "good health" of assured; that said payment was required to be receipted only in "accordance with the terms of the company's receipt therefor," which is attached to the application and "contains the terms of the agreement under which said payment has been made, and is the only receipt the agent is authorized to give for such payment"; and that only the designated executive officers "can make, modify or discharge contracts or waive any of the company's rights and requirements," and that such acts cannot be done by the agent taking the application. The concluding averment of that plea (plea 4) is: "Defendant avers that the first premium was never paid by the insured, Alvin Robert Fowler, and that the company's right and requirement to such first premium was never waived by the President, Vice-President, Secretary or Treasurer of the Company."

Construing the pleading most strongly against the defendant, it was open to the construction that only the assured, and not another for him, may make or cause to be made the required payment.

The warranties or conditions precedent required, as assured being in good health when the policy was delivered, were discussed in Powell v. Prudential Insurance Co. of America, 153 Ala. 611, 45 So. 208, and Cherokee Life Insurance Co. v. Brannum, 203 Ala. 145, 82 So. 175. These decisions are without application to the ruling on plea 4 and to which demurrer was sustained without error. And for like reasons the sustaining of demurrer to pleas 7 and 9 was without error.

There was no error in sustaining demurrer to plea 5, in that it is averred that the "rules and regulations" in question and that were involved were "set out in its rate book," and it is not averred that they were conditions precedent to delivery, and that they were policy provisions that were not complied with by the assured. Independent Life Ins. Co. of America v. Butler, 221 Ala. 501, 129 So. 466.

The several rulings on demurrer to the other pleas may be treated as a group; demurrers being sustained to pleas 8 to 14, inclusive, and overruled as to plea 15. The facts as to delivery vel non, or while in good health and on payment of first premium, as required by the provisions of the policy, are sought to be set up in pleas 8 to 15, inclusive. Some of these questions were litigable under pleas 2, 3, and 15, on which issues were joined; that is to say, pleas 2, 3, and 15 presented as questions of fact, whether the first premium was paid as required by the policy, whether there was a due delivery of the policy as required on application and while assured was in life and health.

There was, however, an additional fact sought to be introduced by pleas 6, 8, 11, 13, and 14, that the due delivery of the policy was conditioned, not alone on (1) payment of first premium, but also upon the further facts (2) that assured execute a certificate to the effect that he was in good health at the time of the delivery of the policy, and to (3) execute an amendment to his application for insurance, which amendment was attached to the policy and made a part thereof. And it is alleged that he failed in the three respects indicated, viz.: (1) Did not pay the first premium; (2) did not execute the health certificate; and (3) did not sign the amendment to the application which was attached to the policy.

The nature of the amendment to the application, attached to and made a part of the policy, is not stated in pleas 8, 11, 13, and 14. The statement thereof contained in plea 6 is as follows: "Defendant avers that the insured, Alvin Robert Fowler, represented to the agent of the company that the statements made by him in the application signed by him were untrue in certain respects, and that he desired to file another application or amend the application signed by him; that for the purpose of such amendment a paper was written amending the original application, that the insured never executed the said instrument, which instrument was executed in duplicate, and one of the copies thereof being attached to the policy, and to become a part thereof, and that the execution by the insured of this amendment to the application was never waived by the President, Vice-President, Secretary or Treasurer of the Defendant Company, nor did any of such officers of the Defendant Company modify the contract or insurance so as to waive the execution of said amendment to the application."

And plea 8 avers the failure of compliance with conditions precedent, as follows: "Defendant avers that the policy which is the basis of this suit was never delivered to the insured but that the possession of the same was turned over by an Agent of the Defendant Company to the wife of the insured who is the plaintiff herein and who was acting as the agent of the Defendant without prior agreement with the insured for the purpose of delivering such insurance policy to the insured

and under the agreement to deliver it to him when the insured paid the first premium and 'executed a health certificate certifying that he was in good health at the time of the delivery of the policy and also to' execute an amendment to the application, which amendment was attached to the policy and made a part thereof and that the insured did not pay the first premium to the Defendant and did not 'execute the Health Certificate' and did not sign the amendment to the application which is attached to the policy."

These pleas allege that the insured was required before the delivery of the policy to make a proper application stating the facts deemed material and required to execute the personal health certificate prepared and left with the policy, and, when these required conditions precedent were met, that he pay the first premium. These questions of defense were considered in Powell v. Prudential Ins. Co. of America and Cherokee Life Ins. Co. v. Brannum, supra.

The whole question of payment of first premium, correction of application, and whether or not assured was in good health, was submitted by the court to the jury, and the return or verdict thereon was against the defendant and for the amount of the policy with legal interest.

Plaintiff, Fowler, the beneficiary named in the policy, was a witness. She was asked: "Look at this policy of insurance I here hand you and state whether or not that policy was delivered to your husband during his lifetime, before his death, and while he was in good health?"

And, against defendant's objection, witness answered: "Yes."

█ Further testifying, the witness Fowler said that the policy was delivered by Baker. Thereupon defendant objected to said answer on the ground that it called for the conclusion of the witness as to what constitutes delivery, and on the further ground that it did not show a condition precedent, payment of the first premium. The court overruled such objection, and the defendant then and there duly and legally excepted. Thereupon a photostatic copy of the policy was offered and admitted in evidence. There was no error in the introduction of the policy of insurance; the plaintiff had made out the prima facie case. National Life & Accident Ins. Co. v. Stewart, 219 Ala. 490, 122 So. 621.

█ The argument of counsel on the assignment of error No. 27 as to permitting the foregoing question to plaintiff Fowler is: "* * * The question asked the witness as to whether the policy 'was delivered' calls for a conclusion of law on the part of the witness the objection was specifically raised. The first question for the jury to decide was whether the policy was delivered conditionally or absolutely, and the answer to this question being a conclusion on the part of the witness and invasive of the profits (province) of the jury."

In this action of the court we find no error. Birmingham & A. Ry. Co. v. Campbell, 203 Ala. 296, 298, 82 So. 546. It called for a statement of facts as to the delivery of the policy of insurance to the subject thereof, after which the witness was cross-examined, and she then explained to the jury the facts. Sov. Camp, W. O. W., v. Hoomes, 219 Ala. 560, 564, 122 So. 686.

Defendant's witness Baker's testimony to show what "happened" between the assured's brother (not wife) and defendant's agent was beyond the present issues being tried. Moreover, the witness stated that assured's wife or brother paid the premium to Aldridge, the agent accompanying witness, and the latter handed it over to witness; that he was not the superintendent of defendant company at that time and did not so represent at the time, but was "an agent writing life insurance"; that he carried the money "to the office"; that, in the absence of the "health form to accompany the money," he had to carry it back to the beneficiary, and they did not "say anything to the officers of the company"; that writing policies and delivering them and collecting "the money for the premium in cash" were his duties.

The questions, "You had no authority to waive the provisions of the policy that provide that the first premium must be paid?" and "Did you have authority to deliver policies and the Company accept a credit against you in payment of the first premium?" were denied on due objections of plaintiff. Did this call for conclusions of the witness to be drawn and answered by the verdict of the jury as material issues in the case? Miller v. Whittington, 202 Ala. 406, 410, 80 So. 499; Councill v, Mayhew, 172 Ala. 295, 304, 305, 55 So. 314; Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 563, 564, 122 So. 686. We will answer later.

█ Defendant sought to prove by its agent or servant Black that he had charge of the premium record and that of "Elvin Robert Fowler, insured"; that it was the official record of the company; that he was its custodian and was so at the time the policy in question was issued; and witness, after examination of that record, stated "over plaintiff's objection that said record showed that the first premium on the policy had not been paid." This was sufficient and within the rule of Sovereign Camp, W. O. W., v. Hoomes, supra, and authorized the introduction of that record in evidence; no objection was made thereto.

When the whole of the. general charge is considered, there was no error to the portions to which exceptions were reserved, as to the burden of proof under the respective pleadings.

■ Aside from the foregoing, there is no dispute on the fact that the first premium was not paid by the assured. What' of any one for him? Assuming that plaintiff's testimony was true, the promise by Baker to pay the premium, without more, would not amount to a payment. Manhattan Life Ins. Co. v. Hereford, 172 Ala. 434, 55 So. 497; Powell v. Prudential Ins. Co. of America, 153 Ala. 611, 45 So. 208; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Batson v. Fidelity Mutual Life Ins. Co., 155 Ala. 265, 46 So. 578, 130 Am. St. Rep. 21; Tomsecek v. Travelers' Ins. Co., 113 Wis. 114, 88 N. W. 1013, 57 L. R. A. 455, 90 Am. St. Rep. 846. The evidence shows it to have been a part of Baker's duties to collect premiums and deliver policies. In this case there are inferences in beneficiary Fowler's testimony that Baker "did loan him the money" and later told them "he had paid the company"; that they would pay him, as the company had nothing to do with it. The policy in evidence, receipted for the first premium, and as to that issue, made out a prima. facie case; and defendant's evidence tends to show the same was not paid to the company. Thus a jury question was presented. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

■ The court overruled the objection of defendant to the question propounded by plaintiff on cross-examination to witness Baker of his duties and employment with defendant, a "part was to collect premiums?" He had immediately theretofore testified "that he was writing life insurance for the Lincoln Reserve Life Insurance Company at that time and was collecting premiums and delivering policies most every day; that he was doing this as fast as he could and would like to do so every day, but that he didn't ring the bell and that was how he got implicated, following the works of the other fellow that rang the bell, and that writing policies and delivering them were all his duties with the Company." This was a proper question, and was answered in the affirmative.

■ The question by defendant to Baker, "You had no authority to waive the provisions of the policy that provide that the first premium must be paid?" was one of the material issues of fact, the extent of his authority, to be decided by the jury. It is true, where the instructions are verbal, the same may be shown by the evidence of the parties or their acts within the line and conduct of business. Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502. And the facts had been given to the jury. To the same effect was the sustaining of plaintiff's objection to the

question, "Did you have authority to deliver policies and the company accept a credit against you in payment of first premiums?" He was merely seeking to repeat what the witness had theretofore stated. In these rulings there was no error.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

## On Rehearing.

The trial was had on the general issue; plea 2 of nondelivery during good health and life of assured, and denial of payment of the first premium; and plea 3 avers nonpayment of the first premium and that the policy was not unconditionally delivered to assured during life and while in good health. Appellant had the benefit of the issue of payment vel non of the first premium, if not under the general issue, under plea 3; and the court in the oral charge fully instructed the jury on this issue.

■ The other phase of pleas (pleas 6 and 8, for example) to which demurrers were sustained, was that the change suggested in the application was proposed by the assured and the true fact stated to the insurance company's agent. Appellant's plea did not set out what the alleged incorrect statement was or the amendment made; this should have been done if it was to be made a part of the policy to be binding on assured. Independent Life Ins. Co. v. Butler, 221 Ala. 501, 129 So. 466. It is not averred that a subscription thereof was required to the amendment to be attached to the policy by the defendant, and in fact so attached.

If the nature of the amendment made by insurer had been declared in the pleading, it would have appeared that the policy was re-issued and delivered by defendant company with full knowledge of the fact in question. It could not have then been averred or insisted that there was any misrepresentation as to any material fact, or any breach of warranty in reference to such fact, as to avoid the policy to which the application was required to be attached to become a part thereof. If the phase containing such averments be stripped of the alleged "amendment application" and "health certificate," the features of these pleas would have been "nondelivery" and "nonpayment of first premium," which latter defenses are fully embraced in the pleas to which demurrers were overruled.

The feature of the group of pleas containing averments of the required "health certificate," is that they fail to aver that the same was required before delivery by the terms of the policy, Independent Life Ins. Co. v. Butler, supra; and, as to the "amended application," the feature of the pleas is that it af-

firmatively appears that such amendment was attached to and redelivered by defendant with the policy to plaintiff's husband, without the signature of assured. It is not averred in the pleas that execution of the amended application as attached to the policy was a condition precedent to the effectiveness of the policy.

Moreover, an inspection of the policy shows that the nature of the amendment made was not such as to avoid the policy, and, for aught that appears in the pleas, the alleged amendment to the application was not as to a material fact or particular part thereof. The defendant introduced in evidence the facts sought to be set up in these pleas as to nonpayment of first premium, amendment of application, health certificate, and the court instructed the jury on delivery or nondelivery of the policy. We find no reversible error.

The application for rehearing is overruled.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.