124 So.2d 834

Glenn G. LAMAR

v.

Delton D. LOWERY.

5 Div. 586.

Court of Appeals of Alabama.

Nov. 29, 1960.

Omar L. Reynolds, Reynolds & Reynolds, Clanton, for appellee.

Walter C. Hayden, Jr., Clanton, for appellant.

PRICE, Judge.

This is an action on a promissory note. Trial was had on an agreed statement of fact by the court, without a jury, resulting in judgment for defendant. Plaintiff appeals.

The stipulation as to the facts is as follows:

"That the plaintiff in this cause is General Agent for the Lincoln National Life Insurance Company and was on August 2, 1954; that H. A. Tidwell was agent for said Company also on August 2, 1954; that on August 2, 1954 the defendant executed the note introduced in evidence to H. A. Tidwell said agent, in payment of the first annual premium of a life insurance policy of said Company, being policy No. 1264691, which said policy insured the life of the defendant; that no money or cash was paid by defendant for the first annual premium but said note was given in lieu and for said first annual premium due. That the policy was delivered on August 2, 1954 to the defendant who kept the policy for a month or two and then returned the same to the Home Office of said Insurance Company with the request that said policy be cancelled; that said policy was then returned to the defendant by said Company with a refusal to cancel said policy and the defendant offered to pay the premium for the proportional time that he had held said

policy which was refused by Tidwell; that the defendant has made no payment upon said note; that said note was transferred on August 3, 1954 by H. A. Tidwell to the plaintiff, Glenn G. Lamar, who now holds said note; that Tidwell's commission was paid to him by the said Lamar and the balance of the premium remitted in cash to said Insurance Company within the next few days.

"That the plaintiff and H. A. Tidwell, as well as the Lincoln National Life Insurance Company, were all cognizant of the fact that said note was given in payment of the first year's premium.

"It is further agreed that the defendant executed the note attached to this agreement and marked Plaintiff's Exhibit '1'.

"It is agreed that the note was transferred to G. G. Lamar on August 3, 1954.

"Plaintiff elected to declare the entire amount due under the note on October 10, 1954.

"A copy of the policy is also attached to this agreement and marked Plaintiff's Exhibit '2'.

"The note in question was given by the defendant to H. A. Tidwell in payment of the first annual premium on an insurance policy written on the life of the defendant by Lincoln National Life Insurance Company and H. A. Tidwell was the writing agent. The note was forwarded to the office of the plaintiff in lieu of the cash remittance and the plaintiff in turn paid the appropriate premium to Lincoln National Life Insurance Company. By virtue of Mr. Tidwell's endorsement of the note, he was given credit for the appropriate agent's commission on the transaction.

"That the policy issued by the Lincoln National Life Insurance Company was never cancelled by said Company within twelve months from the date of issuance."

The trial court in its judgment entry on the motion for a new trial, stated its view of the governing legal principles and its reasons for rendering judgment for defendant and for denying the motion for a new trial, in pertinent part, as follows:

"According to the agreed facts, the policy being attached as an exhibit, the premiums by the terms of the policy are to be paid in cash. There is no provision for payment of the first or any subsequent premium by note. Section 75, Title 28, Code, supra, reads 'No life nor any other insurance company nor any agent thereof shall make any contract of insurance or agreement as to policy contract other than is plainly expressed in the policy, nor shall any such company or agent pay or allow or offer to pay or allow for inducement to insurance any rebate of premiums payable on the policy nor shall any particular policy holder of the same class be allowed any advantage in dividends or other benefits, *or any value, consideration or inducement whatever not expressed in the policy contract of insurance * * *'* Emphasis is ours. The policy provided for payment of the premiums in cash, as we construe it, yet, to induce acceptance of the policy, the agent offered to and did take defendant's note for the first premium. The note is not cash. Therefore the agent, with the knowledge of the plaintiff when he acquired a transfer of the note, had departed from the terms of the policy and violated the terms of Section 75, supra. He violated section 17 and committed a misdemeanor. We are of the opinion that the note, the subject matter of this suit is void, because taken in violation of law. Under the agreed statement of facts, the plaintiff is not an innocent purchaser for value."

We are of the opinion the learned trial court was in error in holding that payment

by the insured of the amount of premium by note made payable to the agent, discounted by him and the premium paid to the company, was not a payment in cash.

In Joyce on Insurance, Second Edition, Vol. 3, Sec. 1202d this statement appears:

"A note may also constitute a cash payment of the premium as where it is made payable to the agent discounted by him and the premium accounted for to the insurance company, a receipt given by the agent for the premium and the policy delivered thereafter also acknowledging the receipt of the premium." See also, Jacobs v. Omaha Life Ass'n, 146 Mo. 523, 48 S.W. 462; Appleman on Insurance, Vol. 14, Sec. 8008.

In Manhattan Life Insurance Co. v. Hereford, 172 Ala. 434, 55 So. 497, the policy stated it was made in consideration of the application and of the annual premium to be paid in advance, and that there should be no contract of insurance until the first premium was paid. It also contained the provision that the agent had no authority to alter the terms and conditions of the policy. The applicant executed a note for the premium payable to the agent individually, who negotiated the note and remitted the premium to the company, whereupon the policy issued and was delivered to applicant. The suit was by the beneficiary on the policy and the insurance company contended the payment of the premium by the agent was not a compliance with the terms of the policy. The court held there was a compliance with the condition of the policy as to payment and said that the transaction between the applicant and the agent "amounts really to a loan of the money, by the agent individually, to the insured, and while it is true that, if the money was never paid to the company at all, the insured could not claim it as a payment, because the company had not authorized the agent to extend the time of payment, and the insured had trusted to the agent as his agent to pay the money, yet when the agent actually pays the money to the company, it is as effectual as if the insured had paid it himself, and his liability is to the agent on his note."

■ The premium here to all intents and purposes was paid in cash, and there was compliance with the condition of the policy as to payment. The case of Pryor v. Gowan, 204 Ala. 257, 85 So. 370, referred to by the trial court where the consideration for the first premium was the agreement to convey two lots to the agent, less $60 to be repaid to insured is entirely different as to facts from the case at bar, and has no application here.

In New York Life Ins. Co. v. McJunkin, 227 Ala. 228, 149 So. 663, the court held that insured's general agent was authorized to accept a note as payment for the first premium, notwithstanding policy provisions to the contrary.

The following observation appears in 29 Am.Jur., Insurance, Sec. 507, p. 824, " * * * the extension of time for payment of a premium, as by the acceptance of a premium note, is not embraced within a statute prohibiting discriminations or distinctions between insurants of the same class, or special inducements not specified in the policy." See also Diehl v. American Life Ins. Co., 204 Iowa 706, 213 N.W. 753, 53 A.L.R. 1528; French v. Columbia Life & Trust Co., 80 Or. 412, 156 P. 1042.

■ Since, under the above authority, the acceptance of a premium note is not within the prohibition of the statute, as it was drawn originally, we cannot accord merit to appellee's insistence that by the amendment to Section 75 of Title 28 providing that the parties may agree in writing for an extension of time in which to pay a second or subsequent premium upon condition that the failure to pay said amount agreed upon at the agreed time shall lapse the policy, the legislature intended to make the acceptance of a note for the initial premium a violation of the statute.

The trial court refers to the case of Meridian Life Ins. Co. v. Dean, 182 Ala. 127, 62 So. 90, 93, where it is stated:

"It has been held, however (and the doctrine is approved by Mr. Page), that where the statute in question imposes a penalty on an agent for the granting of a rebate the agent so violating the statute cannot recover in an action on a note given for the amount of the premium, less the rebate. Heffron v. Daly, 133 Mich. 613, 95 N.W. 714; 1 page, Contr. 510."

In the Heffron v. Daly case, supra, the note was given for the premium, less rebate of the agent's commission, viz., one-half of the premium. The agent paid the premium and sought to collect from insured. The court said:

"The contract of insurance was prohibited by law, and the act of making it was a penal act. The contract was therefore illegal, and, being so, the consideration for the note failed."

The Heffron case is entirely different from the one now under consideration. There is no evidence that the agent remitted his commission, nor that insured paid or agreed to pay a premium less than the uniform rate.

In Appleman on Insurance, Vol. 14, Sec. 7851, p. 62, it is said:

"It has been held that the mere fact that interest is not charged upon a note accepted for premiums does not bring the contract within the terms of a rebating statute. Of course, where the note provides for the payment of interest, the agreement to pay interest is a consideration for the credit extended and the statute would not be violated."

The note under consideration provides for the payment of interest at the rate of 5 percent per annum from date until paid.

We do not think there is merit in appellee's contention that the legislature by this Amendment to Section 17 of Title 28, "the provisions of this section shall not include or relate to a note or notes given for a second or any subsequent premium,"

intended to make illegal the taking of a note for the initial premium, where, as here, no rebate or special inducement to secure the insurance is shown.

The holding in the cases of Manhattan Life Insurance Co. v. Hereford, supra, and Tapia v. Baggett, 167 Ala. 381, 52 So. 834, is contrary to appellee's contention that plaintiff could not recover in an action on the promissory note, but that the proper form of action, if he had a right of action, was on the common counts for money paid.

We are of opinion under the facts shown plaintiff was a holder in due course of the instrument sued on.

We think the court erred in rendering judgment for defendant. The judgment is reversed and the cause remanded.

Reversed and remanded.